QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 096737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Sayuri K. Sharper (Bar No. 232331)
  sayurisharper@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
Intuit Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED, Individually and on behalf of herself, all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Diversity Jurisdiction, 28 U.S.C. §§ 1332(d)(2), 1453, 1441, 1446] |

51276/2222179.2

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR

2  ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that defendant Intuit Inc. hereby removes this action from the

4  Superior Court of the State of California for the County of Santa Clara to the United States District

5  Court for the Northern District of California, on the grounds of diversity jurisdiction under the

6  Class Action Fairness Act ("CAFA") and pursuant to 28 U.S.C. §§ 1332, 1441(b), 1446 and 1453,

7  and in support thereof, respectfully shows the Court as follows:

8                    **STATEMENT OF THE CASE**

9      1.    Plaintiff Tracey DeFatta d/b/a Bookkeeping Unlimited ("Plaintiff") filed a

10  complaint styled "Class Action" against Defendant Intuit Inc. ("Intuit") in the Superior court of

11  California, County of Santa Clara on August 8, 2007.  Plaintiff served Defendant on August 16,

12  2007.

13      2.    In her Class Action complaint, Plaintiff alleges that certain of Intuit's upgrades to

14  its QuickBooks financial software "automatically locked out, blocked, deactivated or precluded

15  from use the basic do-it-yourself or manual entry payroll features or components previously

16  available to QuickBooks consumers" on certain versions of Intuit's QuickBooks software.

17  Complaint ¶ 1. Plaintiff asserts claims for alleged violation of California Business & Professions

18  Code § 17200, et seq. and § 17500, et seq., breach of contract, and conversion. *Id.* ¶ 20. Plaintiff

19  also seeks to certify a nationwide class of Intuit customers "who owned QuickBooks financial

20  software, Versions 2004 through 2006, on or before October 1, 2006 and who purchased and

21  installed QuickBooks 2007 Software or downloaded and installed an automatic upgrade to

22  QuickBooks 2006 Software on or after October 1, 2006." *Id.* ¶ 17.  Plaintiff seeks, on behalf of

23  herself and the purported class, injunctive relief, restitution, compensatory and consequential

24  damages, attorneys' fees and costs. *See* Prayer for Relief.

25      3.    This action is removable under the Class Action Fairness Act of 2005 ("CAFA"),

26  28 U.S.C. §§ 1332(d)(2) and 1453(b).  Intuit has satisfied all procedural requirements of 28 U.S.C.

27  § 1446 and thereby removes this action to the United States District Court for the Northern

28  District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

-2-

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No. _____

## THE REQUIREMENTS FOR REMOVAL
## UNDER CAFA ARE SATISFIED

4.    CAFA fundamentally changed the legal standards governing removal jurisdiction. Believing that state courts were not adequately protecting defendants against class action abuses, Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court." S. Rep. No. 109-14, at *43 (2005). Rather than emphasize a strict construction of the statute against removal jurisdiction, Congress instructs district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43. As shown below, the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2), are satisfied here, and this case is properly removed.

5.    ***Class Action.***  This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.*  Plaintiff styles her complaint a "Class Action" and alleges that she "brings this action on behalf of herself and as representative of a class." Complaint, ¶ 17.

6.    ***Diversity of Citizenship.***  At the time this lawsuit was filed and as of the date of this notice, Intuit was and is a corporation organized under the laws of the State of Delaware with its principal place of business in Mountain View, California.[1]  *See* Complaint, ¶ 7.  At the time of the filing of this action and as of the date of this notice, the named plaintiff, Tracy DeFatta, was and is resident and citizen of Texas.  *See id.* ¶ 6.  Because at least one member of the proposed class is from a state other than Delaware or California, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

7.    ***Number of Proposed Class Members.***  Intuit denies Plaintiff's allegations regarding its alleged practices and contends that it would be difficult to ascertain with certainty who would and would not be a putative class member.  However, it is apparent on the face of the

___
[1]    The Complaint alleges erroneously that Intuit is a California corporation.

-3-
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No. _____

1  Complaint that Plaintiff alleges that the putative class exceeds 100 members. *See* Nature of Case

2  ("Plaintiff Tracy DeFatta . . ., brings this Class Action Complaint on behalf of thousands of

3  QuickBooks consumers and businesses that purchased and installed QuickBooks 2007 Software

4  and/or downloaded and installed an automatic upgrade to QuickBooks Software beginning in late

5  2006."); *see also* Complaint, ¶ 19 ("Thousands of persons or entities in the United States owned

6  prior versions of the QuickBooks financial software, versions 2004 through 2006, on or before

7  October 1, 2006"). Accordingly, the action satisfies the requirement of 28 U.S.C. § 1332(d)(5)

8  that the proposed class include at least 100 persons.

9           8.    ***Amount in Controversy.*** To satisfy 28 U.S.C. § 1332(d)(2), the amount in

10  controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. Under

11  CAFA, the $5,000,000 jurisdictional minimum shall be based on aggregation of the claims of all

12  potential class members. 28 U.S.C. § 1332(d)(6). Plaintiff's complaint in this case satisfies the

13  jurisdictional amount based on the face of the complaint. Plaintiff states in her Complaint:

14           ***The amount in controversy alleged in this Complaint as to Plaintiff and each***
           ***member of the Class does not exceed $75,000,*** including interest and any award

15           of attorneys' fees and costs. Plaintiff and each member of the Class disclaim any
           individual recovery greater than $75,000 . . ., and specifically limit their total

16           claims to $75,000 or less for Plaintiff and each Class member.

17  Complaint, p. 4 n. 1 (emphasis added). Plaintiff's attempt to circumvent federal jurisdiction based

18  on this representation purporting to limit the amount of recovery sought by herself and each

19  putative class member fails. Plaintiff cannot dispute that the number of putative class members

20  must be at least 100, since she alleges that the putative class is comprised of "thousands." And,

21  even though Plaintiff does not set forth an aggregate total amount of the asserted claims,

22  multiplying the express maximum figure per class member ($75,000) by the undisputed minimum

23  class size of 100 members, demonstrates that the amount in controversy exceeds the CAFA

24  jurisdictional minimum from the face of the Complaint. *See Levine v. BIC USA, Inc.*, No.

25  07cv1096-LAB (RBB), 2007 WL 2406897, at *4 (S.D. Cal. August, 2007).

26           Under identical facts, the court in *Levine* concluded the complaint in that case met the

27  minimum jurisdictional requirement. There, like here, the plaintiff did not plead an aggregate total

28  amount of damages sought. However, the plaintiff in that case did plead "that the amount in

-4-

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No. _____

1    controversy does not exceed $74,999.999 as to Plaintiff or any other Class Member and prayed for

2    damages shall be [sic] according to proof." (internal citations omitted)  The parties did not dispute

3    that the number of putative class members was at least 100.  Based on these facts, the court held:

4    "Even though [Plaintiff] does not plead any aggregate total amount of the claims, multiplying that

5    express maximum figure [$74,999.99] per class member by the undisputed minimum class size of

6    100 members, from the face of the FAC the amount in controversy exceeds the CAFA

7    jurisdictional minimum."

8        Even if the Court finds that the specific amount in controversy is not expressly set forth on

9    the face of the complaint, this case exceeds the CAFA jurisdictional minimum.  When the specific

10   amount in controversy is not expressly set forth on the face of the complaint, the burden is on the

11   defendant to show by a preponderance of the evidence that it is more likely than not that the

12   amount of controversy exceeds the judicial minimum.  *See Singer v. State Farm Mut. Auto. Ins.*

13   *Co.,* 116 F.3d 373, 376 (9th Cir. 1996) ("Where the complaint does not demand a dollar amount,

14   the removing defendant bears the burden of proving by a preponderance of evidence that the

15   amount in controversy exceeds [the statutory minimum].");  *see also Sanchez v. Monumental Life*

16   *Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide

17   evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that

18   amount.").  Here, relying on the allegations in the Complaint and assuming for this purpose only

19   that the allegations are true and that all relief requested will be awarded, the matter in controversy

20   exceeds the sum or value of $5,000,000, satisfying the judicial minimum.  *See* Declaration of Ken

21   Wach In Support of Intuit Inc.'s Notice of Removal ("Wach Decl.").

22       To determine the amount in controversy here, the number of class members must be

23   calculated and the amount of damages sought for each determined.  Plaintiff defines the alleged

24   "class" on behalf of which suit is brought as:  "All persons and entities in the United States

25   (excluding Defendant, its affiliates and all governmental entities) who owned QuickBooks,

26   financial software, Versions 2004 through 2006, on or before October 1, 2006 and who purchased

27   and installed QuickBooks 2007 Software or downloaded and installed an automatic upgrade to

28   QuickBooks 2006 Software on or after October 1, 2006."  Complaint, ¶17  Based on this

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No. _____

definition, the alleged class consists of the number of persons or entities who purchased any version of QuickBooks 2004, 2005 or 2006 as of October 1, 2006, and then of those persons or entities, the number who, after October 1, 2006, either upgraded to the 2007 version or downloaded and installed an automatic upgrade to QuickBooks 2006 Software. Intuit may not be able to determine precisely the number or identity of individuals and entities that might comprise the class as Plaintiff has defined it in her complaint. Wach Decl. ¶3  However, based on the records that Intuit does keep, Intuit is able to estimate that number. *Id.*  In particular, based on information available to Intuit and the public, Intuit sold approximately 1.1 million of units of QuickBooks 2004, 1.3 units of QuickBooks 2005, and 1.5 million units of QuickBooks 2006.  *Id.* Intuit estimates that of the more than 3.9 million people or businesses who bought QuickBooks 2004, 2005 and 2006, no fewer than 27,778 - 34,333 persons or businesses also after October 1, 2006, either upgraded to the 2007 version or downloaded and installed an automatic upgrade to QuickBooks 2006 Software.  *Id.*  And, this number is most likely to be no less than 500,000.  *Id.* (This makes sense, since Intuit projects 1.7 million unit sales of QuickBooks 2007 this year, and more than 27,778 - 34,333 of these purchases came from prior QuickBooks owners).  *Id.*

The second part of determining whether this case has at least $5 million in controversy is to determine the type of damages Plaintiff is alleging.  Plaintiff, on behalf of the class, seeks (a) "Compensatory and Consequential Damages according to proof"; (b) "an Order of Disgorgement and/or restitution in an amount according to proof"; (c) "an Order preliminarily and permanently enjoining Defendants from engaging in practice challenged" in the complaint; (d) "prejudgment interests to the extent permitted by law"; (e) "an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this Action."  Prayer for Relief; *see also* Complaint ¶20d].  Plaintiff also alleges putative class members have suffered "physical loss to their prior versions of QuickBooks software and seek "restitution of money and/or property in which Plaintiff and class members have a vested interest."  Complaint ¶¶13 and 39; *see also* ¶¶41&44 (seeking damages for Intuit's alleged breach of contract for Plaintiff and Class Members' alleged purchase of QuickBooks 2007); ¶¶46&47 (seeking damages for Intuit's alleged interference "with the basic payroll software features or components of QuickBooks financial

-6-

1    software, version 2004 through 2006.")  Plaintiff alleges that the amount of monies that the

2    Plaintiff and class members have "invested" in Intuit's products takes either of two forms:

3            a.     First, Plaintiff alleges that members of the class bought and owned

4    QuickBooks 2004, 2005 or 2006. Based on publicly available information, the price that this

5    software would have cost such customers would have been in the range of $180 per product.  If

6    each of the at least above-described 27,778 persons was only seeking recovery in this suit of their

7    original purchase price in QuickBooks, then the class would be seeking more than $5,000,000

8    from Intuit in this suit. Wach Decl. ¶ 4.

9            b.     Second, Plaintiff alleges that members of the alleged class invested an

10   additional $150.00 to $199.00 before sales taxes in Intuit's "fee-based payroll services options

11   requiring annual (recurring) subscriptions with one-year fees for QuickBooks Standard

12   Payroll."  Complaint ¶4; see also, ¶16 ("QuickBooks financial software owners have incurred fees

13   and costs and will continue to incur additional costs in the future, including, without limitation

14   annual fee-based payroll services subscription fees and sales taxes associated with the

15   Basic Payroll Lockout Scheme.  Furthermore, Defendant's customers incurred other financial

16   burdens, including but not limited to, damages associated [sic] the loss of software features or

17   components.").  If each of the above-described 27,778 - 34,333 persons was only seeking recovery

18   in this suit of their investment in fee-based payroll services options, then the class would be

19   seeking more than $5,000,000 from Intuit in this suit.  Wach Decl. ¶ 4.

20       Plaintiff is also seeking injunctive relief and attorneys' fees and costs in connection to with

21   class claim.  Given these requests for relief, the amount in controversy exceeds $5,000,000 in the

22   aggregate, and this Court has jurisdiction under CAFA.

23       9.    ***Timeliness.***  This removal notice is timely filed as required by 28 U.S.C. § 1446(b).

24   Intuit was served with the Complaint on August 16, 2007 and files this notice within thirty days

25   after receipt of the Complaint.

26       10.    ***Exceptions Do Not Apply.***  The exceptions to removal under 28 U.S.C. §§ 1332(d)

27   and 1446 do not apply.

28

## THE OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

11.      Intuit has complied with 28 U.S.C. §§ 1446(a) & (d).  Under 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court or served in the state court are attached as Exhibit 1.  Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, is being filed with the clerk of the Superior Court of the State of California, County of Santa Clara, Case No. 107CV091687, and Intuit is serving a Notice of Filing of Removal, with a copy of the Notice of Removal attached thereto, on Plaintiff's attorney.  A Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court is filed concurrently with this notice.

12.      Because the United States District Court for the Northern District of California, San Jose Division embraces the place where Plaintiff's action was pending, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).  Civil Local Rule 3-2(e).

13.      Defendants demand a jury trial of Plaintiff's class action claim.

14.      Intuit is represented by undersigned counsel who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

## CONCLUSION

By this notice, Intuit does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action.  Intuit intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Intuit prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Intuit obtain all additional relief to which it is entitled.

DATED:  September 17, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP


                                    By _Claude M. Stern/SFS_
                                       Claude M. Stern
                                       Attorney for Intuit Inc.

1

<u>**Certification of Interested Entities or Persons**</u>

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there are no interested entities or parties to report.

4

5

6

7  DATED:  September 17, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
8

9                                      By  Claude M Stern /SKS
10                                         Claude M. Stern
                                          Attorney for Intuit Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No. _____

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 096737)
2      claudestern@quinnemanuel.com
     Evette D. Pennypacker (Bar No. 203515)
3      evettepennypacker@quinnemanuel.com
     Sayuri K. Sharper (Bar No. 232331)
4      sayurisharper@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
5  Redwood Shores, California 94065-2139
   Telephone: (650) 801-5000
6  Facsimile: (650) 801-5100
   Attorneys for Defendant
7  Intuit Inc.

8

9                 **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12 TRACY DeFATTA d/b/a BOOKKEEPING        )    CASE NO. _____
   UNLIMITED, Individually and on behalf of )
13 herself, all others similarly situated  )    **DECLARATION OF KEN WACH IN**
                                           )    **SUPPORT OF INTUIT INC.'S**
14                Plaintiff,               )    **NOTICE OF REMOVAL**
                                           )
15         v.                              )
                                           )
16 INTUIT INC., and DOES 1 through 100,    )
   inclusive,                              )
17                                         )
                  Defendants.             )
18                                         )
                                           )
19                                         )
                                           )
20 _____

21 I, Ken Wach, declare as follows:

22        1.      I am the Vice President of Finance at Intuit Inc. ("Intuit"), defendant in the above-

23 referenced action. I make this declaration upon personal knowledge and, if called and sworn as a

24 witness, I could and would testify as to the matters set forth in this declaration.

25        2.      I understand that in the complaint in this action, the Plaintiff defines the alleged

26 "class" on behalf of which suit is brought as: "All persons and entities in the United States

27 (excluding Defendant, its affiliates and all governmental entities) who owned QuickBooks,

28
   51276/2222318.1

1 │ financial software, Versions 2004 through 2006, on or before October 1, 2006 and who

2 │ purchased and installed QuickBooks 2007 Software or downloaded and installed an automatic

3 │ upgrade to QuickBooks 2006 Software on or after October 1, 2006." [Complaint, ¶17] I

4 │ understand from this definition that the alleged class consists of the number of persons or

5 │ entities who purchased any version of QuickBooks 2004, 2005 or 2006 as of October 1, 2006,

6 │ and then of those persons or entities, the number who, after October 1, 2006, either upgraded to

7 │ the 2007 version or downloaded and installed an automatic upgrade to QuickBooks 2006

8 │ Software. Thus, to determine the number of potential class members, I must determine the

9 │ number of units of QuickBooks 2004, 2005 and 2006 Intuit sold **and** the number of those

10 │ purchasers that either upgraded to the 2007 version of QuickBooks or downloaded and installed

11 │ an automatic upgrade to QuickBooks 2006 software. This calculation is set forth in paragraph 3,

12 │ below.

13 │     3.    Intuit may not be able to determine precisely the number or identity of individuals

14 │ and entities that might comprise the class as Plaintiff has defined it in her complaint, but based

15 │ on the records that Intuit does keep, Intuit is able to estimate that number. Based on information

16 │ available to Intuit and the public, Intuit sold approximately 1.1 million units of QuickBooks

17 │ 2004, 1.3 million units of QuickBooks 2005, and 1.5 million units of QuickBooks 2006. Intuit

18 │ estimates that of the more than 3.9 million people or business who bought QuickBooks 2004,

19 │ 2005 and 2006, no fewer than 27,778 - 34,333 persons or businesses also after October 1, 2006,

20 │ either upgraded to the 2007 version or downloaded and installed an automatic upgrade to

21 │ QuickBooks 2006 Software. And, this number is most likely to be no less than 500,000. (This

22 │ makes sense, since Intuit projects 1.7 million unit sales of QuickBooks 2007 this year, and more

23 │ than 27,778 - 34,333 of these purchases came from prior QuickBooks owners).

24 │     4.    The second part of determining whether this case has at least $5 million in

25 │ controversy is to determine the type of damages Plaintiff is alleging. Plaintiff, on behalf of the

26 │ class, seeks (a) "Compensatory and Consequential Damages according to proof"; (b) "an Order

27 │ of Disgorgement and/or restitution in an amount according to proof"; (c) "an Order preliminarily

28 │ and permanently enjoining Defendants from engaging in practice challenged" in the complaint;

1  (d) "prejudgment interests to the extent permitted by law"; (e) "an award of attorneys' fees, costs

2  and expenses incurred in the investigation, filing and prosecution of this Action." [Prayer for

3  Relief; see also Complaint ¶20d]  Plaintiff also alleges putative class members have suffered

4  "physical loss to their prior versions of QuickBooks software and seek "restitution of money

5  and/or property in which Plaintiff and class members have a vested interest." [Complaint ¶¶13

6  and 39; see also ¶¶41&44 (seeking damages for Intuit's alleged breach of contract for Plaintiff

7  and Class Members' alleged purchase of QuickBooks 2007); ¶¶46&47 (seeking damages for

8  Intuit's alleged interference "with the basic payroll software features or components of

9  QuickBooks financial software, version 2004 through 2006.")  Plaintiff alleges that the amount

10  of monies that the Plaintiff and class members have "invested" in Intuit's products takes either of

11  two forms:

12        a.      First, Plaintiff alleges that members of the class bought and owned

13  QuickBooks 2004, 2005 or 2006. Based on publicly available information, the price that this

14  software would have cost such customers would have been in the range of $180 per product.  If

15  each of the at least 27,778 persons described in paragraph 3, above, was only seeking recovery in

16  this suit of their original purchase price in QuickBooks, then the class would be seeking more

17  than $5,000,000 from Intuit in this suit.

18        b.      Second, Plaintiff alleges that members of the alleged class invested an

19  additional $150.00 to $199.00 before sales taxes in Intuit's "fee-based payroll services options

20  requiring annual (recurring) subscriptions with one-year fees for QuickBooks Standard

21  Payroll." [Complaint ¶4; see also, ¶16 ("QuickBooks financial software owners have incurred

22  fees and costs and will continue to incur additional costs in the future, including, without

23  limitation annual fee-based payroll services subscription fees and sales taxes associated with the

24  Basic Payroll Lockout Scheme.  Furthermore, Defendant's customer incurred other financial

25  burdens, including but not limited to, damages associated [sic] the loss of software features or

26  components.")]  If each of the 27,778 - 34,333 persons described in paragraph 3, above, was only

27  seeking recovery in this suit of their investment in fee-based payroll services options, then the

28  class would be seeking more than $5,000,000 from Intuit in this suit.

DECLARATION OF KEN WACH IN SUPPORT OF INTUIT INC.'S NOTICE OF REMOVAL
Case No. _____

1    5.    By offering this declaration, Intuit is not suggesting or admitting that, in fact,

2  there is any cognizable class, that Intuit has engaged in any wrongdoing, or that Intuit's conduct

3  has caused anyone any injury or damages. I am only assuming that Plaintiff in this case seeks

4  recovery under the terms of the complaint filed in this case.

5    I declare under penalty of perjury of the laws of the United States that the foregoing is

6  true and correct. Executed on September 17, 2007, at Mountain View, California.

7

8

9

10

Ken Wach

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KEN WACH IN SUPPORT OF INTUIT INC.'S NOTICE OF REMOVAL
Case No. _____

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTUIT INC, and DOES 1 through 100, inclusive,

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>FILED<br><br>2007 AUG -8 P 3 59<br><br>KIRI TORRE, CLERK OF THE SUPERIOR COURT<br>COUNTY OF SANTA CLARA, CALIFORNIA<br>BY:_____<br>DEPUTY CLERK<br><br>Shanon Cullen |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED, Individually and
on behalf of herself and all others similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: SANTA CLARA SUPERIOR COURT
*(El nombre y dirección de la corte es):*
191 N. First Street
San Jose, CA 95113
T: 408-882-2100

| | CASE NUMBER<br>*(Número del Caso):* | 107CV091687 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WALTER J. LACK/ PAUL A. TRAINA          T: 310-552-3800          F: 310-552-9434
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Bl., 16th Fl. Los Angeles, CA 90067

Shanon Cullen

DATE:  AUG 0 8 2007  Kiri Torre  Chief Executive Officer/Clerk     Clerk, by _____, Deputy
*(Fecha)*                                                                  *(Secretario)*                                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [X]  on behalf of *(specify):*  Intuit Inc.,

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

| |
|---|
| [SEAL] |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

CEB

Code of Civil Procedure §§ 412.20, 465

1  WALTER J. LACK (CA SBN 57550)
   PAUL A. TRAINA (CA SBN 155805)
2  **ENGSTROM, LIPSCOMB & LACK, P.C.**
   10100 Santa Monica Boulevard, 16th Floor
3  Los Angeles, CA 90067-4107
   Telephone: (310) 552-3800
4  Facsimile:  (310) 552-9434

5  ANDREW SHER (TX SBN 007899623) (*pro hac vice to be requested*)
   **THE SHER LAW FIRM P.L.L.C.**
6  4151 Southwest Freeway, Suite 435
   Houston, TX 77027
7  Telephone:  (713) 626-2100
   Facsimile:  (713) 626-2101
8

9  ALEXANDER B. KLEIN, III (TX SBN 1155625) (*pro hac vice to be requested*)
   **THE KLEIN LAW FIRM**
   2000 The Lyric Center
10 440 Louisiana
   Houston, TX 77002
11 Telephone:  (713) 650-1111
   Facsimile:  (713) 227-1121
12

   Attorneys for Plaintiff
13 TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED

14

15                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                        **COUNTY OF SANTA CLARA**

17 TRACY DeFATTA d/b/a BOOKKEEPING       )   CASE NO. **107CV091687**
   UNLIMITED, Individually and on behalf of )
18 herself and all others similarly situated,  )
                                              )   **CLASS ACTION**
19              Plaintiff,                     )
                                              )   **CLASS ACTION COMPLAINT FOR:**
20              v.                            )   **(1) VIOLATIONS OF** *BUSINESS &*
                                              )       *PROFESSIONS* **CODE §17200,** *et seq.*;
21 INTUIT INC, and DOES 1 through 100,        )   **(2) BREACH OF CONTRACT;**
   inclusive,                                 )   **(3) CONVERSION; AND**
22                                            )   **(4) VIOLATIONS OF** *BUSINESS &*
                Defendants.                   )       *PROFESSIONS* **CODE §17500,** *et seq.*;
23                                            )
                                              )   **JURY TRIAL DEMANDED**
24 ─────────────────────────────            )

25                        __NATURE OF CASE__

26     Plaintiff TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED (hereafter "Plaintiff" or

27 "Class Representative"), by and through her undersigned attorneys, brings this Class Action

28 Complaint on behalf of thousands of QuickBooks consumers and businesses that purchased and

                                          1

─────────────────────────────────────────────
                    **CLASS ACTION COMPLAINT**
@PPDesktop\::ODMA/PCDOCS/ELLHMDM/291723/1

ENDORSED
FILED

2007 AUG -8 P 3: 57

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____ DEPUTY CLERK

Shanon Cullen

1    installed QuickBooks 2007 Software and/or downloaded and installed an automatic upgrade to

2    QuickBooks 2006 Software beginning in late 2006. The Class Action Complaint ("Complaint") is

3    brought against Defendant, INTUIT INC. ("Defendant") and allege, upon personal knowledge as to

4    herself and her actions, and as to all other matters upon information and belief based upon, *inter*

5    *alia*, the investigation made by her attorneys, as follows:

6    ## DEFENDANTS' PAYROLL LOCKOUT SCHEME

7        1.    This Class Action seeks relief on behalf of Plaintiff and the members of the Class

8    (defined in ¶14) for injuries sustained by them as a result of Defendant's deceptive and wrongful

9    conduct in developing, distributing, marketing and selling software upgrades to QuickBooks,

10   Financial Software for Small Business. Prior to the purchase of the software upgrades, the Plaintiff

11   and each Class member had purchased an earlier version of QuickBooks which included the basic

12   do-it-yourself or manual entry payroll features. The software upgrades automatically locked out,

13   blocked, deactivated or precluded from use the basic do-it-yourself or manual entry payroll features

14   or components previously available to QuickBooks consumers on versions of the QuickBooks

15   financial software purchased and installed prior to the fourth (4th) Quarter of 2006 ("Basic Payroll

16   Lockout Scheme").

17       2.    Put simply, the Defendant's "Basic Payroll Lockout Scheme" denied QuickBooks

18   consumers, who purchased and installed QuickBooks 2007 Software or downloaded and installed

19   an automatic upgrade to QuickBooks 2006 Software beginning in late 2006 (hereinafter the

20   "QuickBooks 2007 Software Upgrades"), access to QuickBooks software features or components

21   that previously facilitated the basic manual entry of both: (a) payroll checks with required payroll

22   deductions, and/or (b) quarterly Internal Revenue Service Form 941 reports. After installing the

23   QuickBooks 2007 Software Upgrades, the Basic Payroll Lockout Scheme implemented by

24   Defendant required QuickBooks' consumers to subscribe to one of the Defendant's fee-based

25   payroll service options to regain access to these basic do-it-yourself or manual entry payroll

26   software features or components – software which Plaintiff and each Class member previously

27   acquired.

28

**CLASS ACTION COMPLAINT**

@PFDesktop::ODMA/PCDOCS/ELLHMDM/291723/1

3.    At no time did Defendants warn Plaintiff and/or the consumers that the purchase of the upgrades would lockout, block, deactivate or preclude the Plaintiff and/or consumers from using the basic do-it-yourself, manual entry payroll options or the components which had been previously purchased by consumers or businesses.  In fact, when the upgrade was purchased by Plaintiff and/or consumers, Defendants specifically indicated that the upgrades would not affect the license rights for which consideration had already been paid – which is both a reasonable representation and expected by any consumer purchasing an upgrade.

4.    Rather, Defendant's Lockout Scheme did exactly what it stated it would not do.  First, the installation of the software upgrades deactivated and/or erased the former version of the software (basic do-it-yourself and/or manual entry payroll features).  Then Defendants forced the Plaintiff and/or every consumer to pay for these same features which had already been previously paid for and provided to the Plaintiff and/or each of the Class members.  No notification was provided to the Plaintiff and/or consumers regarding Defendants' Lockout Scheme.

5.    To add insult to injury, Defendant's fee-based payroll service options requires annual (recurring) subscriptions with one-year fees for QuickBooks Standard Payroll ranging from $150.00 to $199.00 before sales taxes – an amount totaling approximately 50% to 100% of the original cost of the QuickBooks financial software.

## THE PARTIES

6.    Plaintiff TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED ("DeFatta"), has been, at all times relevant to this action, a permanent resident of Houston, Harris County, Texas.  Plaintiff DeFatta purchased and installed QuickBooks 2007 Software Upgrades to her QuickBooks, Small Business Financial Software, distributed, marketed and/or sold by Defendant.  Unbeknown to DeFatta, the QuickBooks upgrade contained the Basic Payroll Lockout Scheme as set forth in Paragraphs 1 through 4.

7.    Defendant, INTUIT INC. ("Defendant"), is a California corporation.  Upon information and belief, at all relevant times, Defendant has maintained its principal place of business at 2632 Marine Way, Mountain View, CA 94043.

3

**CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this Class Action pursuant to the Unfair Competition Law ("UCL"), *Business & Professions* Code §17200, *et seq.* and other applicable statutes and the common law of the State of California, including Article 6, §10 of the California Constitution and California *Code of Civil Procedure* §410.10.

9.    This Court has personal jurisdiction over the parties because Plaintiff and the members of the Class she seeks to represent submit to the jurisdiction of the Court, and Defendant is registered to do business in California and systematically and continually does business in the County of Santa Clara.

10.    Venue is proper in this Court pursuant to the California *Code of Civil Procedure* §§395 and 395.5 because Defendant does business in this County and the causes of action arose from Defendant's conduct in this County.[1]

## SUBSTANTIVE ALLEGATIONS

11.    Defendant designs, develops or manufactures, distributes, advertises, markets and/or sells the QuickBooks, financial software for small business, and the QuickBooks 2007 Software Upgrades containing the offending "Basic Payroll Lockout Scheme," which are the subject of this Class Action.

12.    Defendant's product packaging, user agreements and advertising or marketing regarding its QuickBooks 2007 Software Upgrades fail to disclose or warn consumers about Defendant's "Basic Payroll Lockout Scheme." Defendant's advertisements and marketing representations neglect to mention the Basic Payroll Lockout Scheme to consumers who rely on these ads and buy Defendant's QuickBooks 2007 Software Upgrades.

---

[1] Federal subject matter jurisdiction over this Class Action does not exist. There is no basis for removal on grounds of federal question jurisdiction. Plaintiff has not pleaded, nor do they intend to plead, any claim cognizable under federal law. The amount in controversy alleged in this Complaint as to Plaintiff and each member of the Class does not exceed $75,000, including interest and any award of attorneys' fees and costs. Plaintiff and each member of the Class disclaim any individual recovery greater than $75,000 (including compensatory damages, statutory damages, punitive or exemplary damages, and awardable attorneys' fees and costs), and specifically limit their total claims to $75,000 or less for Plaintiff and each Class member. Damages, attorneys' fees and costs may not be aggregated to meet the minimum jurisdictional amount of the federal district courts.

4

**CLASS ACTION COMPLAINT**

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/291723/1

13.    Plaintiff and the Class members have suffered a physical loss of software features or components to their prior versions of the QuickBooks financial software by virtue of Defendant's Basic Payroll Lockout Scheme.  Defendant has quite literally intentionally converted software features or components owned by Plaintiff and the Class members by implementing the Basic Payroll Lockout Scheme.

14.    Defendant admitted prior knowledge of the adverse affect of the Basic Payroll Lockout Scheme and its indifference to the economic affect on Plaintiff and the Class members during a telephonic complaint by Plaintiff to Defendant after discovering the Basic Payroll Lockout Scheme.

15.    To this day, Defendant continues to sell QuickBooks 2007 Software Upgrades implementing the Basic Payroll Lockout Scheme without notice or warning to QuickBooks consumers.  Defendant's concealment of the Basic Payroll Lockout Scheme continues to mislead and/or deceive consumers.  The fact of, problems with, and associated costs of, the Basic Payroll Lockout Scheme are material facts; and if made aware of these material facts, the Class Representative and the Class members would not have purchased and/or installed QuickBooks 2007 Software Upgrades.

16.    QuickBooks financial software owners have incurred fees and costs and will continue to incur additional costs in the future, including, without limitation, annual fee-based payroll services subscription fees and sales taxes associated with the Basic Payroll Lockout Scheme. Furthermore, Defendant's customers incurred other financial burdens including, but not limited to, damages associated the loss of software features or components.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action on behalf of herself and as representative of a class (the "Class") initially defined as:

> All persons and entities in the United States (excluding Defendant, its affiliates and all governmental entities) who owned QuickBooks, financial software, Versions 2004 through 2006, on or before October 1, 2006 and who purchased and installed QuickBooks 2007 Software or downloaded and installed an automatic upgrade to QuickBooks 2006 Software on or after October 1, 2006.

5

**CLASS ACTION COMPLAINT**

18.  Excluded from the Class are Defendants and/or any of its subsidiaries, predecessors and/or successors-in-interest.  As set forth below, the Class – as defined above – satisfies the requirements of California *Code of Civil Procedure* §382.

19.  **Members of the Class are sufficiently numerous and ascertainable** pursuant to California *Code of Civil Procedure* §382.  Thousands of persons or entities in the United States owned prior versions of the QuickBooks financial software, versions 2004 through 2006, on or before October 1, 2006.  The Class members are readily identifiable and ascertainable through Intuit's records.  The Class members are so numerous and geographically dispersed as to render joinder of all Class members impracticable.  Class members may be notified of the pendency of this action by first-class mail, supplemented, if deemed necessary or appropriate by the Court, by published notice.

20.  **Common questions of fact and law exist and predominate** pursuant to California *Code of Civil Procedure* §382.  Common questions of law and fact exist as to all members of the Class.  These questions predominate over the questions affecting only individual Class members.  These common legal and factual questions include whether:

    a.  Defendant developed, distributed, marketed and/or sold the QuickBooks 2007 Software Upgrades, for QuickBooks, Financial Software for Small Business, with the Basic Payroll Lockout Scheme;

    b.  Defendant's conduct and/or business practices violates the Unfair Competition Law ("UCL"), *Business & Professions* Code §17200, *et seq.* and §17500, *et seq.*  Defendants' faults and/or misleading statements of fact about QuickBooks 2007 Software Upgrades, and its concealment for material facts relating to the Basic Lockout Scheme, were unfair, unlawful and fraudulent (likely to deceive) the public;

    c.  Defendant's conduct and/or business practices constitute breach of contract, unconscionable behavior and conversion;

6

**CLASS ACTION COMPLAINT**

d.    Plaintiff and the Class members are entitled to relief, and the amount and nature of such relief, including relief in the form of an injunction and/or restitution.

21.    **Plaintiff's claims are typical of the claims of other Class members** pursuant to California *Code of Civil Procedure* §382. The Plaintiff's claims are typical of the claims of other Class members. The Plaintiff and all members of the Class have been damaged by the same wrongful conduct of Defendant. Like the Class members, Plaintiff owned QuickBooks financial software, including QuickBooks 2006 Software, on or before October 1, 2006 and she purchased and installed QuickBooks 2007 Software and she downloaded and installed an automatic upgrade to QuickBooks 2006 Software on or after October 1, 2006 which both, unbeknown to her, implemented Defendant's Basic Payroll Lockout Scheme.

22.    **Plaintiff is an adequate representative of the Class** pursuant to California *Code of Civil Procedure* §382. Plaintiff's interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation in the Courts of the State of California and elsewhere. Plaintiff intends to prosecute this action vigorously and protect the interests of the Class. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

23.    **The Class Action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims** pursuant to California *Code of Civil Procedure* §382. The Class members have no plain, speedy or adequate remedy other than by maintenance of a Class Action. The damages sought by each Class member are relatively small thereby making it economically impractical to pursue the remedies on an individual basis. Additionally, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system as a whole. By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

7

**CLASS ACTION COMPLAINT**

24.    Having refused to act within the constraints of the law and having failed to take into account Class members' interests and rights, Defendant should compensate the Class for its damages.

### FIRST CAUSE OF ACTION
#### (Violations of the *Business & Professions* Code §17200, *et seq.*)

29.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.  Plaintiff asserts this cause of action on behalf of herself and all others similarly situated.

30.    Defendant's acts, conduct and practices, statements and representations, as alleged in this Complaint, constitute unlawful, unfair and fraudulent business acts and practices that are likely to deceive consumers, within the meaning of California *Business & Professions* Code §17200, *et. seq.*

31.    The wrongful conduct alleged herein occurs and continues to occur in the course of Defendant's business since Defendant continues to sell the QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme.  Defendant's misconduct is ongoing. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that impacts all Class members.  Defendant's conduct was unfair and fraudulent, in addition to being unlawful. Class members were likely to be deceived by Defendant's practices.

32.    Defendant has engaged in unlawful business acts and practices in violation of the UCL by violating state laws, including but not limited to:

            a.        Fraudulent Deceit, California *Code of Civil Procedure* §1709;

            b.        False Advertising Law,  *Business & Professions* Code §17500, *et seq*, and
                      specifically §17531; and

Plaintiff reserves the right to identify additional violations of California law committed by Defendant as further investigation and discovery warrants.

33.    In violation of *Business & Professions* Code §17500, *et seq.*, in connection with its distribution, marketing and/or sale of QuickBooks 2007 Software Upgrades implementing

8

Defendant's Basic Payroll Lockout Scheme, as described above, Defendant made or disseminated statements which are untrue or misleading and which Defendant knew (or by the exercise of reasonable care should have known) to be untrue or misleading regarding the Basic Payroll Lockout Scheme. Defendant knew consumers would purchase and/or download the QuickBooks 2007 Software Upgrades based on its representations that the software upgrade was of specific quality and value. Through misrepresentations and concealment, Defendant misled Plaintiff and Class members to purchase and/or download QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme. Plaintiff and the Class were unaware of the Lockout Scheme as set forth above. More specifically, Plaintiff and the Class did not know that the upgrades would delete and/or erase the basic payroll do-it-yourself or manual payroll options nor did the Plaintiff or the Class know they would be required to pay for these options a second time.

34.    By committing the acts and practices alleged herein, Defendant violated *Business & Professions* Code §17531 by distributing, marketing and/or selling QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme.

35.    Defendant's acts, conduct and practices, as alleged herein, were unfair in that any utility for Defendant's conduct is outweighed by the gravity of the consequences to Plaintiff and the Class members, and/or Defendant's conduct is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff, Class members and the general public.

36.    As a result of the violations of California law alleged in this Complaint, Defendant has been, and will be, unjustly enriched at the expense of Plaintiff and the Class members.

37.    Defendant's unfair, fraudulent, and deceptive business acts and practices are described herein and include, without limitation, the following:

a.    concealing and/or failing to disclose that they designed, developed, marketed, and distributed QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme; and

b.    selling QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme.

9

**CLASS ACTION COMPLAINT**

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/291723/1

38.   As a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Defendant was able to: (1) sell more QuickBooks 2007 Software implementing Defendant's Basic Payroll Lockout Scheme than it otherwise would have; and/or (2) sell more QuickBooks Payroll Service Subscriptions generating recurring additional fees for software features or components that were previously part of its customer's original software. Plaintiff and the Class members have suffered an injury in fact, and they have a vested interest in the money they have lost as a result of Defendant's wrongful conduct.  Defendant received, and is in possession of, excessive and unjust revenues.   Since Defendant continues to sell and/or distribute QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme, Defendant's misconduct is not only likely to be repeated in the future but continues to date. Accordingly, Plaintiff has met the requirements of California *Code of Civil Procedure* §382.

39.   Plaintiff, on behalf of herself and all others similarly situated, seek an order, including without limitation: (1) enjoining the sale and/or distribution of QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme; (2) enjoining the false marketing and advertising of the QuickBooks 2007 Software Upgrades implementing Defendant's Basic Payroll Lockout Scheme; (3) restitution of money and/or property in which Plaintiff and Class members have a vested interest; and (4) any other relief the Court deems acceptable, in accordance with *Business & Professions* Code §17200, *et seq.* and for such other relief as set forth below. Plaintiff and Class members also seek costs of litigation, attorneys' fees and such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

40.   Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.  Plaintiff asserts this cause of action on behalf of herself and all others similarly situated.

41.   Plaintiff and the Class members had a contract with the Defendant herein.  Plaintiff performed on the contract by paying consideration to Defendant for use of the QuickBooks 2007 Software Upgrades. Defendant breached that contract by erasing, locking out, blocking, deactivating or precluding from use the basic do-it-yourself or manual entry payroll software features or

10

CLASS ACTION COMPLAINT

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/291723/1

1  components previously available to QuickBooks consumers during the installation of said

2  QuickBooks 2007 Software Upgrades and damages to Plaintiff and Class members are a direct

3  result of that breach. But for the breach, Plaintiff and the Class members would still have access to

4  basic do-it-yourself or manual entry payroll software features or components and would not have

5  been forced or required to pay annual (recurring) subscription fees for fee-based payroll services

6  offered by Defendant – a software feature or component they had before the upgrade.

7      42.    Defendant's acts and omissions described above breached its contracts to Plaintiff and

8  the Class members. Specifically, Defendant knew that the implementation of its Basic Payroll

9  Lockout Scheme would lock or preclude from use certain basic payroll software features or

10  components from its lucrative QuickBooks financial software; and thereby, require QuickBooks

11  customers to pay even more lucrative annual subscription fees for Defendant's, formerly optional,

12  fee-based payroll services.

13      43.    Defendant's implementation of its Basic Payroll Lockout Scheme through the

14  distribution, marketing and sale of QuickBooks 2007 Software Upgrades constitutes both

15  procedural and substantive unconscionability. Defendant does not disclose contractually or

16  otherwise that basic payroll software features or components would be deactivated, locked, erased

17  or otherwise rendered inaccessible by installing the QuickBooks 2007 Software Upgrades.

18      44.    As a direct and proximate result of Defendant's breach of contract and unconscionable

19  conduct, Plaintiff and each of the Class members sustained damages and other losses in an amount

20  to be determined at trial.

## THIRD CAUSE OF ACTION
### (Conversion)

21      45.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged

22  herein. Plaintiff asserts this cause of action on behalf of herself and all others similarly situated.

23      46.    Defendant willfully interfered with the basic payroll software features or components

24  of QuickBooks financial software, version 2004 through 2006, depriving Plaintiff and the Class

25  members of the use and possession of said software features or components without lawful

11

CLASS ACTION COMPLAINT

1   justification. The detriment caused by Defendant's wrongful conversion of this personal property is

2   the value of these software features or components at the time of the conversion, with the interest

3   from that time, together with the time and money properly expended by Plaintiff and the Class

4   members in pursuit of regaining access to said software features or components.

5       47.     As a direct and proximate result of Defendant's conversion, Plaintiff and each of the

6   Class members sustained damages and other losses in an amount to be determined at trial.

7

8                              **FOURTH CAUSE OF ACTION**
                  (Violations of *Business & Professions* Code §17500, *et seq.*)

9       48.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged

10  herein.  Plaintiff asserts this cause of action on behalf of herself and all others similarly situated.

11      49.     Defendant engaged in advertising and marketing of the QuickBooks 2007 Software

12  Upgrades on a nationwide basis, including in California, with the intent to induce consumers to buy

13  and/or download the upgrade for installation; and thereby, unwittingly implement Defendant's

14  Basic Payroll Lockout Scheme.

15      50.     Defendant's advertisements and marketing representations are untrue, misleading,

16  and likely to deceive the public and/or have deceived the public by falsely representing the

17  characteristics of the QuickBooks 2007 Software Upgrades.

18

19      51.     Defendant knew or should have known that its statements about the QuickBooks

20  2007 Software Upgrades  were untrue, misleading, and a violation of *Business & Professions* Code

21  §17500, *et seq.*  In particular, Defendant actively concealed its knowledge that the QuickBooks

22  2007 Software Upgrades  implemented Defendant's Basic Payroll Lockout Scheme.

23      52.  Plaintiff, on behalf of herself and all others similarly situated, seeks restitution,

24  injunctive relief, and all other relief allowable under *Business & Professions* Code §17500, *et seq.*

25                              **DAMAGES AND OTHER RELIEF**

26      53.     Defendant's acts and omissions were a proximate and producing cause of damages to

27  the Class Representative and each Class member.  Class members have sustained financial losses

28  associated with their purchase and/or installation of QuickBooks 2007 Software Upgrades

12

**CLASS ACTION COMPLAINT**

implementing Defendant's Basic Payroll Lockout Scheme, including required subscription fees, loss of use of software features or components, and other losses. At this time, Plaintiff seeks damages individually and on behalf of the Class members and equitable relief as previously alleged herein.

54. The Class Representative and Class members seek their reasonable and necessary attorney's fees and costs incurred in connection with this suit.

55. The Class Representative and Class members seek pre-judgment and post-judgment interest, at the highest rates allowed by law, on the damages awarded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully prays for judgment as follows:

1. For an Order certifying this case as a Class Action;

2. For Compensatory and Consequential Damages according to proof;

3. For an Order of Disgorgement and/or restitution in an amount according to proof;

4. For an Order finding and declaring Defendant's acts and practices as challenged herein unlawful, unfair, deceptive and/or fraudulent;

5. For an Order preliminary and permanently enjoining Defendants from engaging in practices challenged herein;

6. For prejudgment interests to the extent permitted by law;

7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this Action to the extent permitted by law; and

8. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

DATED: August 6th, 2007

                                ENGSTROM, LIPSCOMB & LACK
                                THE SHER LAW FIRM P.L.L.C.
                                THE KLEIN LAW FIRM


                                By  _____
                                    WALTER J. LACK
                                    PAUL A. TRAINA
                                    ANDREW SHER
                                    ALEXANDER B. KLEIN, III
                                    Attorneys for Plaintiff

13

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/291723/1

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
PAUL A. TRAINA (SBN 155805)
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
TELEPHONE NO.: (310) 552-3800    FAX NO.: (310) 552-9434
ATTORNEY FOR *(Name):* Plaintiff, TRACY DeFATTA, etc.

*FOR COURT USE ONLY*

ENDORSED
FILED

2007 AUG -8 P 3:58

KIRI TOELE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY: _____ DEPUTY CLERK

Sharon Cuilen

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

**CASE NAME:**
TRACY DeFATTA, etc. v. INTUIT INC., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 107CV091687 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Three
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 6, 2007

PAUL A. TRAINA, ESQ.
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **107CV091687**

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

## READ THIS ENTIRE FORM

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANTS** (the person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the Complaint, in the clerk's office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning:** If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 39 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: Hon. Jack Komar  · for all purposes                    **DEPT: 17C**

The first CMC is scheduled as follows: (Completed by Clerk of Court)
        Date: DEC 11 2007        Time: 10:00am  Dept: 17C

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
        Date: _____        Time: _____  Dept.: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 1/01/04

**CIVIL LAWSUIT NOTICE**

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a nonadversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator=s decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral=s evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; divorce, custody, and other family matters; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

**Contact:**
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2669

408-882-2530                                                 *Revised 12/9/02*