1 | WALTER J. LACK (CA SBN 57550)
PAUL A. TRAINA (CA SBN 155805)
2 | BRYAN C. PAYNE, (CA SBN 230966)
**ENGSTROM, LIPSCOMB & LACK, P.C.**
3 | 10100 Santa Monica Boulevard, 16th Floor
Los Angeles, CA 90067-4107
4 | Telephone:   (310) 552-3800
Facsimile:   (310) 552-9434
5 |
6 | ANDREW SHER (TX SBN 007899623) (*pro hac vice to be requested*)
**THE SHER LAW FIRM P.L.L.C.**
7 | 4151 Southwest Freeway, Suite 435
Houston, TX 77027
8 | Telephone:   (713) 626-2100
Facsimile:   (713) 626-2101
9 |
10 | ALEXANDER B. KLEIN, III (TX SBN 1155625) (*pro hac vice to be requested*)
**THE KLEIN LAW FIRM**
11 | 2000 The Lyric Center
440 Louisiana
12 | Houston, TX 77002
Telephone:   (713) 650-1111
13 | Facsimile:   (713) 227-1121
14 | Attorneys for Plaintiff
TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED
15 |

16 | **UNITED STATES DISTRICT COURT**

17 | **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED, Individually and on behalf of herself, and all others similarly situated, | CASE NO. C07 04788 RS<br>[Santa Clara Superior Court Case No. 107CV091687] |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT, OR IN THE ALTERNATIVE, PERMITTING PLAINTIFF TO ENGAGE IN LIMITED JURISDICTIONAL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRYAN C. PAYNE** |
| v. | |
| INTUIT INC., and DOES 1 through 100, inclusive, | |
| Defendants. | |
| | DATE:    November 21, 2007<br>TIME:    9:30 a.m.<br>CTRM:    4 |

294234.1

1

1   **TO DEFENDANT INTUIT INC. AND TO THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that on November 21, 2007 at 9:30 a.m., or as soon thereafter as

3   the matter may be heard, in Courtroom 4 of the United States District Court for the Northern District

4   of California located at 280 South First Street, San Jose, California 95113, before Magistrate Judge

5   Richard Seeborg, Plaintiff will move the Court for an order remanding this case to the Superior Court

6   of the State of California for the County of Santa Clara from which it was removed.

7       This case must be remanded to State Court for the following reason:

8       (1)    The removing Defendant has failed to establish that this Court has subject matter

9   jurisdiction over this action.

10      The Representative Plaintiff further moves this Court for an order requiring the removing

11   Defendant to pay Plaintiff for all her costs and actual expenses, including attorney's fees incurred by

12   reason of these removal proceedings.

13      This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points

14   and Authorities, the Declaration of Bryan C. Payne and the exhibits attached thereto, on all pleadings,

15   papers and records on file herein, and on such other and further oral and documentary evidence as may

16   be presented at the hearing of this Motion.

17

18   DATED: October _17_, 2007          ENGSTROM, LIPSCOMB & LACK

19                           THE SHER LAW FIRM P.L.L.C.
                              THE KLEIN LAW FIRM

20

21                        By

22                              WALTER J. LACK
                              PAUL A. TRAINA

23                              BRYAN C. PAYNE
                              ANDREW SHER

24                              ALEXANDER B. KLEIN, III
                              Attorneys for Plaintiff

25

26

27

28   294234.1                             2

1                    **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

3        This lawsuit arises from an unlawful scheme employed by Intuit, Inc. ("Defendant") to defraud,

4 mislead and deceive Tracy DeFatta ("Plaintiff") and each Class member by selling to them computer

5 software upgrades that erased and/or deactivated software features previously purchased by them.

6 Specifically, on or after October 1, 2006, each member of the Class purchased and installed

7 QuickBooks 2007[1] or downloaded and installed the automatic upgrade to QuickBooks 2006.[2] *See*

8 Complaint ¶2. Prior to this, each Class member had purchased either QuickBooks 2004, QuickBooks

9 2005 or QuickBooks 2006, which were developed, marketed, distributed and sold by the Defendant to

10 the general public. *Id.* at ¶17.

11        The earlier versions of QuickBooks (2004, 2005, 2006) were popular with consumers because

12 they included Do-It-Yourself or manual entry payroll features that facilitated the basic manual entry of

13 essential data. Defendant released QuickBooks 2007 into the stream of commerce. Neither Plaintiff

14 nor the Class members knew – that by installing QuickBooks 2007 or downloading the automatic

15 upgrade – the Do-It-Yourself or manual entry payroll features they had previously enjoyed and relied

16 upon would be erased or deactivated. Without any warning or disclosure to its customers, Defendant

17 sold a product to each Class member that surreptitiously eliminated software features for which they

18 had previously paid compensation to Defendant.

19        Adding insult to injury, once Defendant purged or deactivated the Do-It-Yourself or manual

20 payroll features from consumers' 2004, 2005, and 2006 versions of QuickBooks, Defendant revealed

21 that the only way to revive these features would be to subscribe to a *fee-based* payroll service. *Id.* at

22 ¶¶4 and 5. The representative Plaintiff and each Class member were being directed to pay recurring

23 subscription fees to access the same payroll services for which they had already paid Defendant when

---

[1] The "QuickBooks" program is financial software developed, distributed, marketed and sold by the Defendant to the general public. It allows its users to carry-out payroll functions and produce Internal Revenue Service reports. The latest version of this program is "QuickBooks 2007."

[2] Each member of the Class either purchased and installed QuickBooks 2007 or downloaded and installed the automatic upgrade to QuickBooks 2006, an earlier version of the QuickBooks program (hereinafter the "automatic upgrade").

1     they purchased earlier versions of QuickBooks. *Id.* at ¶4. Moreover, Defendant specifically represented

2     that QuickBooks 2007 and the automatic upgrade would in no way affect the license rights consumers

3     obtained when they purchased earlier versions of QuickBooks. *Id.* at ¶3. This turned out to be a gross

4     misrepresentation. By purchasing and installing QuickBooks 2007 or downloading and installing the

5     automatic upgrade, the Class members' license rights were monumentally affected. Not only were

6     previously paid for features erased or deactivated by the installation of QuickBooks 2007 and the

7     automatic upgrade, but revival of such features hinged on the Class members' willingness to pay again

8     for the very features they had *already* obtained by purchasing QuickBooks 2004, QuickBooks 2005 or

9     QuickBooks 2006.

10       Defendant's conduct in marketing and selling QuickBooks 2007 and the automatic upgrade was

11    and continues to be fraudulent, unlawful, deceptive and unfair. In response, on August 8, 2007,

12    Plaintiff on behalf of herself and each Class member filed a Complaint against Defendant. The

13    Complaint sets forth causes of action for Breach of Contract, Conversion and violating §§17200, *et seq.*

14    and 17500, *et seq.* of the California *Business & Professions Code.*

15

16    **II.**     **STATEMENT OF THE CASE**

17       This lawsuit was properly filed in the Superior Court of California, County of Santa Clara on

18    August 8, 2007. On August 16, 2007, it was served on Defendant. Plaintiff brought her action on

19    behalf of herself and others similarly situated who owned versions 2004, 2005 or 2006 of QuickBooks

20    and subsequently purchased QuickBooks 2007 or downloaded the automatic upgrade.

21       On September 17, 2007, Defendant removed this lawsuit to the United States District Court for

22    the Northern District of California on the grounds of diversity jurisdiction under the Class Action

23    Fairness Act ("CAFA"), and pursuant to 28 U.S.C. §§1332, 1441(b), 1446, and 1453. In response,

24    Plaintiff files the instant Motion to Remand on the ground that the Court lacks subject matter

25    jurisdiction over this action.

26    ///

27    ///

28

294234.1            2

## III.   DEFENDANT HAS FAILED TO MEET ITS BURDEN OF PROOF JUSTIFYING REMOVAL

Federal Courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they will strictly construe their jurisdiction and resolve any doubts regarding it in favor of the non-removing party. *See Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). As a general rule, an action is removable to a Federal Court only if it might have been brought there originally. 28 U.S.C. §1441(a). If, at any time before final judgment a Federal Court determines that it lacks subject matter jurisdiction over a removed matter, that matter must be remanded to the State Court in which it was initially filed. 28 U.S.C. §1447(c).

Under CAFA, a Federal Court has "original jurisdiction" over civil matters in which: the aggregate amount in controversy exceeds the sum or value of $5,000,000.00 (exclusive of interest and cost); the aggregate number of putative Class members is 100 or greater; and any member of the putative Class is a citizen of a State different from that of any Defendant. 28 U.S.C. §1332(d).

In any action to remove a matter to a Federal Court on the basis of diversity jurisdiction, the propriety of such jurisdiction must appear plainly on the face of the pleading. *See Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987). CAFA makes no exceptions to this rule. Where, as in the instant case, an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the Plaintiff has claimed an amount insufficient to confer Federal Court jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938). The Ninth Circuit Court of Appeals has placed the burden of overcoming this presumption squarely on the shoulders of removing Defendants. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007).

According to the Ninth Circuit, if a complaint is silent as to the specific amount in controversy being alleged, the party proposing Federal Court jurisdiction (here, Defendants) must prove by a "preponderance of the evidence" that CAFA's $5,000,000.00 amount in controversy requirement has

1    been met. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Sanchez*

2    *v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lowery v. Alabama Power Co.*, 483

3    F.3d 1184, 1192 (quoting *Lowery v. Honeywell Int'l Inc.*, 460 F.Supp.2d 1288 (N.D. Ala. 2006).

4    Defendant has not met its burden.

5         In the instant case, Plaintiff's Complaint is silent as to a specific amount being placed into

6    controversy. *See* Complaint p.4, ¶10. Instead, Plaintiff disclaims for herself and each Class member

7    any individual recovery that would exceed the jurisdictional amount in controversy requirement under

8    28 U.S.C. §1332(a). *See* Complaint, p.4, n.1. It is a well-settled principle that a Plaintiff is a "master

9    of [his or her] complaint," and barring "bad faith," may draft a complaint in any manner so as to avoid

10   Federal Court jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826,

11   831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987); *Valles v. Ivy Hill Corp.*, 410

12   F.3d 1071, 1075 (9th Cir. 2005). Moreover, Plaintiffs are not "obligated to overstate their damages to

13   satisfy the Defendant's interest in a federal forum but may plead conservatively to secure a state forum."

14   *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1003 (9th Cir. 2007).

15        In its Notice of Removal of Action to Federal Court ("Notice of Removal"), Defendant fails to

16   prove by a preponderance of the evidence that Plaintiff's Complaint shows an amount in controversy

17   sufficient to justify Federal Court jurisdiction. In an effort to meet its burden, Defendant submits the

18   four page Declaration of its Vice President of Finance, Ken Wach. Mr. Wach's conclusion are

19   unsubstantiated and no factual basis is provided. Mr. Wach does not explain or provide any facts

20   regarding how he arrived at the number of Class members or why there is a discrepancy in the number

21   of Class members. Quite frankly, we do not know if Mr. Wach used a computer program to download

22   information regarding the Class members or whether he physically retrieved various sales files in order

23   to arrive at his proposed estimates. The basis for his conclusions is unknown and simply not provided.

24        Mr. Wach first estimates how many individuals and businesses likely purchased versions 2004,

25   2005, or 2006 of QuickBooks and extrapolates from this that "no fewer than 27,778 - 34,333 persons

26   or businesses also after October 1, 2006, either upgraded to the 2007 version or downloaded and

27   installed an automatic upgrade to QuickBooks 2006 Software." Notice of Removal, p.6, ln.10-13. Mr.

28

**NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT, OR IN THE ALTERNATIVE,
PERMITTING PLAINTIFF TO ENGAGE IN LIMITED JURISDICTIONAL DISCOVERY; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF BRYAN C. PAYNE**

Wach, however, fails to explain the methodology employed to obtain this estimate, identify the source(s) of information from which the estimate was derived, and provide any evidence that these estimates evolved from accurate, unbiased and objective data.

Further evidence that Defendant's calculations are offered without a proper basis is the fact that immediately following Mr. Wach's initial conclusion ("27,778 - 34,333" individuals and business may be Class members), Mr. Wach states: "*[a]nd, this number is most likely to be no less than 500,000.*" Once again, no justification is given for this incredible estimate which certainly varies in gross proportions to the original Class estimate. Mr. Wach does not provide any insight into how we arrived at this figure, why it is reasonable, or the methodology he used for the purposes of obtaining this number.

Defendant's expansive and unsupportable range of who it considers to be members of the putative Class suggests that it is merely guessing or speculating as to the actual number of individuals or businesses comprising the Class without disclosing how the conclusions were reached. Conjecture and speculation do not satisfy the "preponderance of the evidence" standard necessary to confer Federal Court jurisdiction. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). Defendants have not met their burden. Plaintiff respectfully requests that this action be remanded back to the Santa Clara Superior Court.

## IV.    CAFA PROVIDES STATUTORY EXCEPTIONS TO REMOVAL AND THESE EXCEPTIONS MAY BE APPLICABLE TO THIS ACTION

### A.    The "Home State" Exception To Removal Under CAFA May Apply To This Case.

While it is true that the purpose behind CAFA's implementation was to expand Federal Court jurisdiction over Class actions, it also true that when drafting CAFA, Congress recognized that some actions should remain in State Court. Accordingly, the "Home State" exception was included in CAFA. Under this provision, a Federal Court *must* decline jurisdiction over a Class action in which two-thirds or more of the putative class members and all of the primary Defendants are citizens of the State in which the action was initially filed. 28 U.S.C. §1332(d)(4)(B).

1          Plaintiff's Class action was filed in the California State Court pursuant to the contractual

2   provision which demands that all actions and claims against Intuit be brought in California. Intuit is

3   the only Defendant in this matter, and is a citizen of California.[3]  Plaintiff is unable to determine

4   whether two-thirds or more of the Class members are California citizens.  However, it appears likely

5   that a majority of Class members could reside in California given the Defendant's citizenship and their

6   unilateral contractual provision requiring each of their client's claims to be litigated in California.  The

7   information – into its clients' residences – is unascertainable from publicly available information and

8   is within the exclusive possession and control of Defendant.  Consequently, Plaintiff has no means of

9   accurately determining how many members of the putative Class are California citizens and how many

10  are citizens of other States – facts that may be essential for this Court to make an adequate

11  determination of whether this action belongs in State or Federal Court and/or whether this Court would

12  like to exercise its discretion on whether to remand this case or not.  *See*, IV(C).  *Infra.*

13         As this Court is acutely aware, ascertaining whether a removed action is properly in Federal

14  Court, especially in light of statutory exceptions to removal, is more times than not a fact-specific

15  inquiry.  Limited jurisdictional discovery that is calculated to lead to facts relating to the propriety of

16  federal jurisdiction will likely aid in this inquiry.  Importantly, allowing such discovery is within the

17  discretionary purview of this Court. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th

18  Cir. 1977); *See* also *H.L. Moore Drug Exch., Inc. v. Smith, Kline & French Lab.*, 384 F.2d 97 (2d Cir.

19  1967).  The need for jurisdictional discovery becomes even more apparent when a removing party, as

20  in the instant case, has exclusive control and possession of the very information a non-removing party

21  *needs* in order to rebut removal.  Simply put, where a "[D]efendant has vital knowledge that the

22  Plaintiff may lack, a burden that induces the removing party to come forward with the information –

23  so that the choice between State and Federal Court may be made accurately – is much to be desired."

24  *Brill v. Countrywide Home Loans, Inc.*, F.3d 446, 448 (7th Cir. 2005).

25

26  _____

27       [3] A corporation may be a citizen of up to two states, the state in which it was incorporated, and
     the state in which it maintains its principal place of business. In this case, Defendant was incorporated
28   in Delaware, and its principal place of business is in California.

1    Relevant to the instant matter, the Court in *Schwartz v. Comcast* Corp., No. Civ. A. 05-2340,

2    2005 WL 1799414 (E.D. Pa. July 28, 2005) – a case with remarkably similar facts to those asserted by

3    Plaintiff – was tasked with determining the propriety of federal jurisdiction over an action where the

4    citizenship of each class member was unclear.  Specifically, *Schwartz* involved a breach of contract suit

5    filed in a State Court as a Class action that was subsequently removed to a Federal Court.  The Plaintiff

6    alleged that federal jurisdiction was improper.  The basis for this assertion was that more than two-

7    thirds of the putative class members were citizens of the Defendant's State of citizenship, which was

8    also the forum State, and therefore CAFA's "Home State" exception was applicable.  *Id.* at *2.  The

9    Plaintiff, however, was unable to establish this assertion because the Defendant had "control over the

10   information that would establish the citizenship of the various members of [the plaintiff]'s proposed

11   class.  *Id.* at *7.  Given these facts, the Court permitted the Plaintiff to engage in limited discovery in

12   order to establish the applicability of the "Home State" exception under CAFA.

13   Like the Plaintiff in *Schwartz*, Plaintiff in the instant case is unable to ascertain the State of

14   citizenship for each Class member because Defendant has possession and control of this information.

15   Without this information, Plaintiff cannot establish whether more than two-thirds of the Class members

16   are California citizens, and consequently will not be able to show that the "Home State" exception is

17   applicable to her case.  Therefore, permitting limited discovery under the aforementioned circumstances

18   would not only be appropriate, but would aid this Court in determining whether this case should be in

19   Federal or State Court.[4]

20   **B.    The "Local Controversy" Exception To Removal Under CAFA May Apply
21          To This Case.**

22   CAFA provides another exception to removal: the "Local Controversy" exception.  Like its

23   "Home State" relative, the "Local Controversy" exception too recognizes that certain class actions

24   should remain in State Court.  Under this provision, if the following requirements are met, a Federal

25   Court should decline jurisdiction over a class action: (a) more than two-thirds of the putative class

26   members are citizens of the forum State; (b) at least one of the Defendants is a citizen of the forum

27   _____

28   [4] The proposed discovery is attached as Exhibit "1" to the Declaration of Bryan C. Payne.

294234.1                                              7

State; (c) the action is against a party from whom "significant relief is sought"; (d) the action is against a party whose conduct formed a "significant basis" for the asserted claims; (e) the principal injuries claimed in the action must have occurred in the forum State; and (f) within the three years preceding the filing of an action, no class action was filed against any Defendant, in any forum, asserting the same or similar claims. 28 U.S.C. §1332(d)(4)(A) (2005).

As stated above, it is unclear whether more than two-thirds of the putative Class members are citizens of California, the forum State and the State of Defendant's citizenship. Defendant maintains exclusive possession and control over information pertaining to the citizenship of the putative Class members. Plaintiff can, however, satisfy the remaining requirements under the "Local Controversy" exception to removal. Intuit is the only Defendant in this action, and significant relief is being sought against it. Additionally, it was Defendant's unlawful conduct that gave rise to Plaintiff's Class action, and such conduct formed a significant basis for the asserted claims. Likewise, the Plaintiff is unaware of any class actions that have been filed, in any forum, within the last three years against Defendant alleging the same or similar causes of action that are now being asserted by Plaintiff. Thus, should the Court permit limited jurisdictional discovery calculated to lead to information about the citizenship of each Class member, the "Local Controversy" exception may be applicable to this action.

### C.    The "Interest Of Justice" Exception To Removal Under CAFA May Apply To This Case.

Court's may also remand an action on the basis of CAFA's "interest of justice" exception. Under this provision, if more than one-third but less than two-thirds of the putative class members and all of the primary Defendants are citizens of the forum State, then the "Home State" exception explicitly grants Federal Courts with the discretion to accept or decline jurisdiction "in the interest of justice." 28 U.S.C. §1332(d)(3).

Should the Court permit Plaintiff to engage in limited jurisdictional discovery in order to ascertain the propriety of Federal Court jurisdiction over this matter, Plaintiff will be equipped to answer the question of whether more than one-third but less than two-thirds of the putative Class

NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT, OR IN THE ALTERNATIVE, PERMITTING PLAINTIFF TO ENGAGE IN LIMITED JURISDICTIONAL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRYAN C. PAYNE

1    members are California citizens.  The Court at that time – with the information at hand – can decide

2    whether the exception is applicable and, if so, whether to exercise its discretion.

3

4    **V.    LIMITED JURISDICTIONAL DISCOVERY IS NECESSARY SO THAT THE
         PROPRIETY OF FEDERAL COURT JURISDICTION OVER THIS MATTER
5        MAY BE ADEQUATELY DETERMINED**

6            Under certain circumstances jurisdictional discovery is necessary in order to aid Federal Courts

7    in determining the propriety of federal jurisdiction.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d

8    676, 691 (9th Cir. 2006).  According to the Ninth Circuit, "discovery should ordinarily be granted where

9    pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory

10   showing of the facts is necessary" *Butchers Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d

11   535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Systems Tech Associates, Inc.*, 557 F.2d 1280, 1285

12   n.1 (9th Cir. 1977).  Further, jurisdictional discovery is warranted "when the Court is unable to

13   determine, on the existing record, whether it has jurisdiction." *Rippee v. Boston Market Corp.*, 408 F.

14   Supp. 2d 982, 985 (S.D. Cal. 2005).[5]

15           In addition to the Courts, Congress too has acknowledged the need for focused jurisdictional

16   discovery aimed at dealing with matters pertaining to jurisdiction.  Following the passage of CAFA and

17   in discussing its breadth and parameters in the context of jurisdictional discovery, the Senate Committee

18   on the Judiciary expressed the following:

19                  The Committee understands that in assessing the various criteria
                    established in all these new jurisdictional provisions, a [F]ederal [C]ourt
20                  may have to engage in some fact-finding, not unlike what is necessitated
                    by the existing jurisdictional statutes.  The Committee further
21                  understands that in some instances, limited discovery may be necessary
                    to make these determinations.  S. Rep. No. 109-14, at 44, 2005
22                  U.S.C.C.A.N. at 42 (2005).

23           Plaintiff respectfully requests that she be given an opportunity to engage in limited jurisdictional

24   discovery that is aimed at obtaining information bearing on the applicability of the exceptions to

25   _____

26       [5] At issue in *Rippee* was whether or not a Plaintiff should be permitted to send Class members
     a Class survey that the Plaintiff alleged would help establish the amount in controversy but the Court
27   determined was more germane to the merits of the case.  While the Court disallowed the proposed Class
     survey, it suggested that jurisdictional discovery should be allowed where it addresses jurisdictional
28   issues.  *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 983 (S.D. Cal. 2005).

294234.1                                         9

1    removal under CAFA.  Plaintiff proposes limited discovery which includes a Notice of Deposition of

2    the Person Most Knowledgeable and Request for Production of Documents.  The Person Most

3    Knowledgeable deposition will be focused on ascertaining where each Class member is located.  The

4    Notice of Deposition of the Person Most Knowledgeable and Request for Production of Documents is

5    attached to the Declaration of Bryan C. Payne as Exhibit "1".  It would seem that Defendants would

6    have the computer technology which would enable them to make some type of determination of the

7    location of each of their clients – Class members.  Certainly, it appears reasonable to assume that

8    Defendants have various mailing lists which identify its customers who purchased various products.

9    Plaintiff's only request – assuming arguendo that the Court finds that Mr. Wach's Declaration provides

10   sufficient basis for his conclusions – that they be given an opportunity to briefly discover the location

11   of Class members as it appears reasonable that the exceptions may apply.

12

13   **VI.    CONCLUSION**

14       Based upon the foregoing reasons, Plaintiffs respectfully request the Court to remand this case

15   to the Superior Court of California for the County of Santa Clara.  If, however, the Court determines

16   that Defendant has satisfied its burden with regard to the "amount in controversy", then Plaintiff

17   respectfully requests that she be afforded the opportunity to engage in limited discovery so that she may

18   adequately establish whether or not the "Home State," "Local Controversy" and/or "interest of justice"

19   exceptions apply.

20

21   DATED: October 1 / , 2007              ENGSTROM, LIPSCOMB & LACK
                                            THE SHER LAW FIRM P.L.L.C.
22                                          THE KLEIN LAW FIRM

23

24                                          By _____
                                               WALTER J. LACK
25                                             PAUL A. TRAINA
                                               BRYAN C. PAYNE
26                                             ANDREW SHER
                                               ALEXANDER B. KLEIN, III
27                                             Attorneys for Plaintiff

28
     294234.1                               10

1

## DECLARATION OF BRYAN C. PAYNE

2    I, BRYAN C. PAYNE, declare and state as follows:

3    1.    I am an attorney at law duly licensed to practice before all Courts in the State of

4    California.  I am an associate with the law firm of Engstrom, Lipscomb & Lack, counsel of record for

5    Plaintiff.  I have been involved in the preparation of this matter on behalf of the Plaintiff.  I have

6    personal, first-hand knowledge of the facts set forth herein, and if called to testify as a witness, could

7    and would testify competently thereto.

8    2.    Attached hereto as Exhibit "1" is a true and correct copy of the [Proposed] Notice of

9    Deposition of the Person Most Knowledgeable and Request for Production of Documents.

10    I declare under penalty of perjury under the laws of the State of California that the foregoing is

11    true and correct to the best of my knowledge.

12    Executed this 17th day of October 2007 in Los Angeles, California.

13

14                                                    _____

15                                                    BRYAN C. PAYNE

16

17

18

19

20

21

22

23

24

25

26

27

28

294234.1                                    1

**NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT, OR IN THE ALTERNATIVE, PERMITTING PLAINTIFF TO ENGAGE IN LIMITED JURISDICTIONAL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRYAN C. PAYNE**

# EXHIBIT 1

1  WALTER J. LACK (CA SBN 57550)
   PAUL A. TRAINA (CA SBN 155805)
2  BRYAN C. PAYNE, (CA SBN 230966)
   **ENGSTROM, LIPSCOMB & LACK, P.C.**
3  10100 Santa Monica Boulevard, 16th Floor
   Los Angeles, CA 90067-4107
4  Telephone:  (310) 552-3800
   Facsimile:  (310) 552-9434
5
   ANDREW SHER (TX SBN 007899623) (*pro hac vice to be requested*)
6  **THE SHER LAW FIRM P.L.L.C.**
   4151 Southwest Freeway, Suite 435
7  Houston, TX 77027
   Telephone:  (713) 626-2100
8  Facsimile:  (713) 626-2101

9  ALEXANDER B. KLEIN, III (TX SBN 1155625) (*pro hac vice to be requested*)
   **THE KLEIN LAW FIRM**
10 2000 The Lyric Center
   440 Louisiana
11 Houston, TX 77002
   Telephone:  (713) 650-1111
12 Facsimile:  (713) 227-1121

13 Attorneys for Plaintiff
   TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED
14
                    **UNITED STATES DISTRICT COURT**
15
                    **NORTHERN DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| 17 TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED, Individually and on behalf of herself, and all others similarly situated, | ) ) ) ) | CASE NO. C07 04788 RS |

TRACY DeFATTA d/b/a BOOKKEEPING
17 UNLIMITED, Individually and on behalf of     )     CASE NO. C07 04788 RS
   herself, and all others similarly situated,   )
18                                                )     **[PROPOSED] NOTICE OF TAKING**
                                                  )     **DEPOSITION OF PERSON MOST**
19                  Plaintiff,                    )     **KNOWLEDGEABLE OF INTUIT, INC. AND**
                                                  )     **REQUEST FOR PRODUCTION OF**
20        v.                                      )     **DOCUMENTS AT DEPOSITION**
                                                  )
21 INTUIT INC., and DOES 1 through 100,           )     (F.R.C.P. Rule 30(b)(6); F.R.C.P. Rule 34)
   inclusive,                                     )
22                                                )     **DATE:**    To Be Determined
                  Defendants.                     )     **TIME:**    10:00 a.m.
23                                                )     **PLACE:**   Engstrom, Lipscomb & Lack
                                                  )                 10100 Santa Monica Blvd., 16th Fl.
24 _____)                      Los Angeles, CA 90067

25

26

27

28

**[PROPOSED] NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF INTUIT,
INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION**

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

2        **PLEASE TAKE NOTICE** that pursuant to F.R.C.P. Rule 30(b)(6), Plaintiff, TRACY

3    DeFATTA, will take the deposition of the Person Most Knowledgeable ("PMK") of INTUIT, INC. on

4    a date to be determined, at 10:00 a.m., at the offices of Engstrom, Lipscomb & Lack located at 10100

5    Santa Monica Boulevard, 16th Floor, Los Angeles, California 90067. If an interpreter is required to

6    translate testimony, notice of same must be given to this noticing party within five (5) days prior to the

7    deposition.

8        Said deposition shall be upon oral examination pursuant to F.R.C.P. Rule 30 before an officer

9    authorized by law to administer oaths, and shall be recorded by videotape as well as transcribed by

10   stenographic means. The oral examination will continue from day to day until completed. Pursuant

11   to F.R.C.P. Rule 32(a) notice is hereby given that the Plaintiff intends to introduce the deposition

12   testimony of the deponent at trial.

13       **PLEASE TAKE FURTHER NOTICE** that the deponent is requested to produce then and

14   there, at the aforementioned deposition, the following documents and other things for inspection and

15   copying:

16                                    **INSTRUCTIONS AND DEFINITIONS**

17       This demand requires production of documents and things in your possession, custody or

18   control, and of documents or things that are in the possession, custody or control of your agents,

19   employees, accountants, attorneys, representatives or other persons who have documents or things

20   deemed to be in your possession, custody or control.

21       1.    "DOCUMENT" is defined to include the term "writings" as defined in Federal Rules

22   of Evidence, Rule 1001, 28 U.S.C. and in the broadest possible way and includes all written, typed,

23   printed, drawn, recorded, electronically recorded, photographic, or graphic statements, communications,

24   or other matter, however produced or reproduced, whether sent or received or neither, including,

25   without limitation, any writing, letter, telegram, memorandum, statement, book, report, study, analysis,

26   digest, record, handwritten note, working paper, chart, graph, drawing, photograph, videotape, diary,

27   calendar, press release, magazine, newspaper, booklet, tabulation, data sheet, note of interview or

28   communication, contract, agreement, representation, invoice, delivery receipt, shipping manifest, bill

1  of lading, payment, ledger sheet, electronic mail, computer disk, computer or magnetic tape, telegram,

2  telex message, facsimile, notations and memoranda of or related to telephone conversations or

3  conferences, minutes and transcriptions of meetings, or any other data compilation in your actual or

4  constructive possession, custody or control.  A copy of a document is considered a separate document

5  and must be produced if it differs in any way from the original and includes all drafts and copies bearing

6  notations, marks, or matter not found on the original.

7      2.    "CLASS MEMBER" is defined and consists of all persons or entities who purchased

8  any version of QuickBooks 2004, 2005, or 2006 as of October 1, 2006, and then of those persons or

9  entities, the number who after October 1, 2006 upgraded to the 2007 version or downloaded or installed

10  an automatic upgrade to QuickBooks 2006 software.

11      **DESIGNATION OF WITNESS PURSUANT TO F.R.C.P. RULE 30(b)(6)**

12      **PLEASE TAKE NOTICE** that pursuant to F.R.C.P. Rule 30(b)(6), Defendant, INTUIT, INC.,

13  is required to designate one or more person(s) most knowledgeable or qualified to testify regarding:

14      1.    The location and/or residence of each CLASS MEMBER.

15      **DOCUMENTS AND/OR CATEGORIES OF DOCUMENTS REQUESTED**

16      Subject to the foregoing definitions, You are to identify and to produce, on the date and time

17  set forth above, all DOCUMENTS and things described below in your possession or in the possession

18  of any of your attorneys, officers, directors, accountants, or other agents or representatives.

19      1.    Any and all DOCUMENTS and/or writings containing information as to each CLASS

20  MEMBER'S State of citizenship.

21  DATED: October 17, 2007        ENGSTROM, LIPSCOMB & LACK
                                   THE SHER LAW FIRM P.L.L.C.
22                                 THE KLEIN LAW FIRM

23

24                                 By
                                   WALTER J. LACK
25                                 PAUL A. TRAINA
                                   BRYAN C. PAYNE
26                                 ANDREW SHER
                                   ALEXANDER B. KLEIN, III
27                                 Attorneys for Plaintiff

28

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/294253/1        3

**[PROPOSED] NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF INTUIT, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION**

1

**CERTIFICATE OF SERVICE**

2

STATE OF CALIFORNIA         )

3                               )ss.

COUNTY OF LOS ANGELES    )

4

5       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 16th Floor, Los

6 Angeles, California 90067-4107. On October 17, 2007, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT, OR IN THE**

7 **ALTERNATIVE, PERMITTING PLAINTIFF TO ENGAGE IN LIMITED JURISDICTIONAL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF**

8 **BRYAN C. PAYNE** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9                               ** \*\* SEE ATTACHED MAILING LIST \*\* **

10 \_\_\_\_ (BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection

11 and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same date in the ordinary course of business. I am aware that on motion of party served, service is presumed

12 invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

\_\_\_\_ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of

14 the addressee(s).

15 **\_X\_ (BY ELECTRONIC TRANSFER)** I caused all of the pages of the above-entitled documents (PDF copy) to be transmitted to the recipients noted on the attached mailing list via electronic transfer

16 (EMAIL). This document was transmitted by electronic transmission and reported without error.

17 \_\_\_\_ (BY FEDERAL EXPRESS) I caused such envelope to be delivered to Federal Express for overnight courier service to the offices of the addressee(s).

18

19 \_\_\_\_\_ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20 **\_X\_ FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

21

22       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 17, 2007 at Los Angeles, California.

23

24                                  _Merlene Fletcher_
                                 MERLENE FLETCHER

25

26

27

28

294234.1

1

## SERVICE LIST

2

*DeFatta v. Intuit, Inc., et al.*
**USDC, Northern District Case No. C07 04788 RS**

3

[Santa Clara County Superior Court – Old Courthouse – Case No. 107CV091687]

4

| Attorney | Phone/Fax | Party |
|---|---|---|
| Claude M. Stern, Esq.<br>Evette D. Pennypacker, Esq.<br>Sayuri K. Sharper, Esq.<br>QUINN EMANUEL URQUHART<br>OLIVER & HEDGES, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 | PH: (650) 801-5000<br>FX: (650) 801-5100<br>claudestern@quinnemanuel.com<br>evettepennypacker@quinnemanuel.com<br>sayurisharper@quinnemanuel.com | Attorneys for<br>Defendant. INTUIT INC. |
| Andrew Sher, Esq.<br>THE SHER LAW FIRM P.L.L.C.<br>4151 Southwest Freeway, Suite 435<br>Houston, TX 77027 | PH: (713) 626-2100<br>FX: (713) 626-2101<br>andrew@sher-law.com | Co-Counsel for Plaintiff,<br>TRACY DeFATTA |
| Alexander B. Klein, III, Esq.<br>THE KLEIN LAW FIRM<br>2000 The Lyric Center<br>440 Louisiana<br>Houston, TX 77002 | PH: (713) 650-1111<br>FX: (713) 227-1121<br>alex@thekleinlawfirm.com | Co-Counsel for Plaintiff,<br>TRACY DeFATTA |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

294234.1

3

1 | WALTER J. LACK (CA SBN 57550)
  | PAUL A. TRAINA (CA SBN 155805)
2 | BRYAN C. PAYNE, (CA SBN 230966)
  | **ENGSTROM, LIPSCOMB & LACK, P.C.**
3 | 10100 Santa Monica Boulevard, 16th Floor
  | Los Angeles, CA 90067-4107
4 | Telephone:   (310) 552-3800
  | Facsimile:    (310) 552-9434
5 |
6 | ANDREW SHER (TX SBN 007899623) (*pro hac vice to be requested*)
  | **THE SHER LAW FIRM P.L.L.C.**
7 | 4151 Southwest Freeway, Suite 435
  | Houston, TX 77027
8 | Telephone:   (713) 626-2100
  | Facsimile:    (713) 626-2101
9 |
10 | ALEXANDER B. KLEIN, III (TX SBN 1155625) (*pro hac vice to be requested*)
   | **THE KLEIN LAW FIRM**
11 | 2000 The Lyric Center
   | 440 Louisiana
12 | Houston, TX 77002
   | Telephone:   (713) 650-1111
13 | Facsimile:    (713) 227-1121
14 | Attorneys for Plaintiff
   | TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED
15 |

16 |                    **UNITED STATES DISTRICT COURT**

17 |                    **NORTHERN DISTRICT OF CALIFORNIA**

18 | TRACY DeFATTA d/b/a BOOKKEEPING          ) CASE NO. C07 04788 RS
19 | UNLIMITED, Individually and on behalf of ) [Santa Clara Superior Court Case No.
   | herself, and all others similarly situated,  ) 107CV091687]
20 |                                          )
   |                         Plaintiff,       ) **[PROPOSED] ORDER GRANTING**
21 |                                          ) **PLAINTIFF'S MOTION TO REMAND**
   |           v.                             ) **CASE TO STATE COURT, OR IN THE**
22 |                                          ) **ALTERNATIVE, PERMITTING PLAINTIFF**
   | INTUIT INC., and DOES 1 through 100,      ) **TO CONDUCT LIMITED**
23 | inclusive,                               ) **JURISDICTIONAL DISCOVERY**
   |                                          )
24 |                         Defendants.      ) DATE:   November 21, 2007
   |                                          ) TIME:   9:30 a.m.
25 | _____     ) CTRM:   4

26 |        The Motion to Remand this case to the Superior Court of California, County of Santa Clara,

27 | filed by Plaintiff on behalf of herself and each Class member came on regularly on _____,

28 | 2007, at 9:30 a.m.

294259.1                                    1

1     After full consideration of all moving and opposing papers and accompanying exhibits and

2   legal authority submitted by counsel, as well as counsel's oral argument, and for good cause shown,

3     IT IS HEREBY ORDERED that:

4     Plaintiff's Motion to Remand the case to State Court is GRANTED.  The Motion is granted

5   for because Defendant has failed to prove that this Court has subject matter jurisdiction over this

6   action.

7     OR IN THE ALTERNATIVE, IT IS HEREBY ORDERED that:

8     Plaintiff is granted leave to conduct limited discovery on the issue of the Court's subject

9   matter jurisdiction over this action.

10

11  DATED:_____

12                                      _____
                                        MAGISTRATE JUDGE RICHARD SEEBORG

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT, OR IN THE ALTERNATIVE, PERMITTING PLAINTIFF TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

1

## CERTIFICATE OF SERVICE

2

STATE OF CALIFORNIA          )
                             )ss.
3
COUNTY OF LOS ANGELES        )

4

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 16th
6   Floor, Los Angeles, California 90067-4107.  On October 17, 2007, I served the foregoing document
described as **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
7   CASE TO STATE COURT, OR IN THE ALTERNATIVE, PERMITTING PLAINTIFF TO
CONDUCT LIMITED JURISDICTIONAL DISCOVERY** by placing a true copy thereof
8   enclosed in a sealed envelope addressed as follows:

9                      ** SEE ATTACHED MAILING LIST **

10   _____  (BY MAIL) I deposited such envelope in the mail at Los Angeles, California.  The envelope
was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of
11   collection and processing correspondence for mailing.  It is deposited with U.S. Postal Service on
that same date in the ordinary course of business.  I am aware that on motion of party served,
12   service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

13

_____  (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices
14   of the addressee(s).

15   __X__  **(BY ELECTRONIC TRANSFER)**  I caused all of the pages of the above-entitled
documents (PDF format copy) to be transmitted to the recipients noted on the attached mailing list
16   via electronic transfer (EMAIL).  This document was transmitted by electronic transmission and
reported without error.

17

___  (BY FEDERAL EXPRESS) I caused such envelope to be delivered to Federal Express for
18   overnight courier service to the offices of the addressee(s).

19   _____  STATE: I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

20

__X__  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at
21   whose direction the service was made.

22        I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.  Executed on October 17, 2007 at Los Angeles, California.

23

24                                          _____
                                            MERLENE FLETCHER
25

26

27

28

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT, OR IN
THE ALTERNATIVE, PERMITTING PLAINTIFF TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

1

## SERVICE LIST

2

*DeFatta v. Intuit, Inc., et al.*
**USDC, Northern District Case No. C07 04788 RS**

3

[Santa Clara County Superior Court – Old Courthouse – Case No. 107CV091687]

4

| Attorney | Phone/Fax | Party |
|---|---|---|
| Claude M. Stern, Esq.<br>Evette D. Pennypacker, Esq.<br>Sayuri K. Sharper, Esq.<br>QUINN EMANUEL URQUHART<br>OLIVER & HEDGES, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 | PH: (650) 801-5000<br>FX: (650) 801-5100<br>claudestern@quinnemanuel.com<br>evettepennypacker@quinnemanuel.com<br>sayurisharper@quinnemanuel.com | Attorneys for<br>Defendant. INTUIT INC. |
| Andrew Sher, Esq.<br>THE SHER LAW FIRM P.L.L.C.<br>4151 Southwest Freeway, Suite 435<br>Houston, TX 77027 | PH: (713) 626-2100<br>FX: (713) 626-2101<br>andrew@sher-law.com | Co-Counsel for Plaintiff,<br>TRACY DeFATTA |
| Alexander B. Klein, III, Esq.<br>THE KLEIN LAW FIRM<br>2000 The Lyric Center<br>440 Louisiana<br>Houston, TX 77002 | PH: (713) 650-1111<br>FX: (713) 227-1121<br>alex@thekleinlawfirm.com | Co-Counsel for Plaintiff,<br>TRACY DeFATTA |

294259.1

4