QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 096737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Sayuri K. Sharper (Bar No. 232331)
  sayurisharper@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
Intuit Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED, Individually and on behalf of herself, all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-04788-RS<br><br>**DECLARATION OF KEN WACH IN SUPPORT OF INTUIT INC.'S OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT, OR IN THE ALTERNATIVE, PERMITTING PLAINTIFF TO ENGAGE IN LIMITED JURISDICTIONAL DISCOVERY**<br><br>Date: December 14, 2007<br>Time: 9:30 a.m.<br>Courtroom: 4<br>Judge: Hon. Richard Seeborg |

I, Ken Wach, declare as follows:

1.  I am the Vice President of Finance at Intuit Inc. ("Intuit"), defendant in the above-referenced action. I make this declaration upon personal knowledge, and, if called and sworn as a witness, I could and would testify as to the matters set forth in this declaration.

2.  In support of Intuit's Notice of Removal, I submitted a declaration in which I provided an estimate of the number of persons or entities in the United States that may fall under the alleged "class" as defined in Plaintiff's Complaint. *See* Declaration of Ken Wach in Support

of Intuit's Notice of Removal ("Wach Decl."). Based on this estimate, I further provided calculations to demonstrate that the aggregate amount in controversy in this action is at least $5 million. This declaration supplements my previous declaration, and provides additional details about the underlying facts and methodology that I used to reach my previous estimates and calculations.

3. In Plaintiff's Complaint, the alleged class on behalf of which this suit is brought is defined as: "All persons and entities in the United States (excluding Defendant, its affiliates and all governmental entities) who owned QuickBooks, financial software, Versions 2004 through 2006, on or before October 1, 2006 and who purchased and installed QuickBooks 2007 Software or downloaded and installed an automatic upgrade to QuickBooks 2006 Software on or after October 1, 2006." (Complaint, ¶17). (Hereinafter, I refer to this group as the "alleged class" or the "class," without conceding that there is any such cognizable group of people.)

4. To estimate the potential number of individuals or entities that might comprise the class as Plaintiff has defined it in her Complaint, I first approximated the number of units of QuickBooks 2004, 2005 and 2006 Intuit sold. To do so, I relied on information in a publicly available fact sheet that includes unit sales data by quarter for fiscal years 2004-2006. The Intuit Investor Fact sheet I relied upon is attached to this declaration as Exhibit A. This Intuit Investor Fact Sheet provides a summary of Intuit's financials for current and potential investors and is published quarterly on Intuit's website. (See http://www.intuit.com/about_intuit/investors/.) Intuit is a publicly traded company, and all of its publicly disclosed financial information is audited by an independent, registered public accounting firm. According to this Intuit Investor Fact Sheet, Intuit sold approximately 1.1 million units of QuickBooks in its fiscal year 2004, 1.3 million units in fiscal year 2005, and 1.5 million units in fiscal year 2006. (See Ex. A, p.2, Total QuickBooks software units sold). Thus, I estimated that 3.9 million customers purchased QuickBooks 2004, 2005, and 2006.

5.      Out of those 3.9 million customers, I estimated that significantly more than 27,778 - 33,333[1] customers upgraded their 2004, 2005, 2006 QuickBooks to the 2007 version and that this number is most likely no fewer than 500,000. I arrived at this estimate first by looking at the Intuit Investor Fact Sheet for fiscal year 2007, which shows that Intuit sold about 1.7 million units of QuickBooks in fiscal year 2007. A copy of that publicly available Intuit Investor Fact sheet is attached to this Declaration as Exhibit B (*see* Ex. B, p.2, Total QuickBooks software units sold). In my role as the Vice President of Finance, I am aware that, typically, QuickBooks customers upgrade their software between 2 to 3 years after their previous version purchase, and that approximately 50% of customers upgrade within 3 years of their previous version purchase. In addition, of the 1.7 million units of QuickBooks sold in fiscal year 2007, approximately 1 million units were sold to existing QuickBooks customers. This figure includes upgrades from QuickBooks versions other than 2004, 2005, and 2006. Based on the upgrade timing patterns mentioned above, I estimated that of the 1 million 2007 QuickBooks units sold to existing QuickBooks customers, the number of those customers who upgraded from QuickBooks version 2004, 2005, or 2006 would likely be no fewer than 500,000.

6.      As I explained in my earlier declaration, according to Plaintiff, the amount of money that Plaintiff and the alleged class members have invested in Intuit's products takes two forms: (1) The price of QuickBooks 2004, 2005, or 2006, which, according to publicly available information, was in the range of $180; and/or (2) The alleged annual cost of $150 to $199 for fee-based payroll services options. Either form of potential damages would yield an amount in controversy in this case in excess of $5 million. In particular, for recovery based on $180, the aggregate amount in controversy is greater than $5 million if the class size is greater than 27,778. Alternatively, for recovery of $150, the aggregate amount in controversy is greater than $5

---

[1] In my earlier declaration, I stated that this range was 27,778 - 34,333. In the course of preparing this declaration, I reviewed the math from my earlier declaration, and note that the proper range should have been 27,778 - 33,333 -- the correction of this error, which is the result of either a slight mathematical or typographical error that is immaterial for purposes of this analysis, is set forth in this declaration. I found no other mathematical or typographical errors in my prior declaration.

1  million if the class size is greater than 33,333. Thus, to reach an amount in controversy of at
2  least $5 million, Intuit need show only that, of the approximately 3.9 million customers who
3  purchased QuickBooks 2004, 2005, and 2006, more than 27,778 - 33,333 customers, or less than
4  1% of the relevant installed base, upgraded their software to the 2007 version. As detailed
5  above, I am confident that this number far exceeds 33,333, and it is most likely no fewer than 15
6  times that (~500,000).

7.    By offering this declaration, Intuit is not suggesting or admitting that, in fact, there is any cognizable class, that Intuit has engaged in any wrongdoing, or that Intuit's conduct has caused anyone any injury or damages. I am assuming only that Plaintiff in this case seeks recovery under the terms of the complaint filed in this case.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on October 30, 2007, at Mountain View, California.

_____
Ken Wach

---
51776/2255797.1                                4
DECLARATION OF KEN WACH IN SUPPORT OF INTUIT INC.'S OPPOSITION TO MOTION TO REMAND
Case No. _____