

1  WALTER J. LACK (CA SBN 57550)
PAUL A. TRAINA (CA SBN 155805)
2  BRYAN C. PAYNE, (CA SBN 230966)
**ENGSTROM, LIPSCOMB & LACK, P.C.**
3  10100 Santa Monica Boulevard, 16th Floor
Los Angeles, CA 90067-4107
4  Telephone:  (310) 552-3800
Facsimile:   (310) 552-9434
5

6  ANDREW SHER (TX SBN 007899623)
(*pro hac vice to be requested*)
7  **THE SHER LAW FIRM P.L.L.C.**
3100 Timmons Lane, Suite 101
8  Houston, TX 77027
Telephone:  (713) 626-2100
9  Facsimile:   (713) 626-2101

10

11 ALEXANDER B. KLEIN, III (TX SBN 1155625)
(*pro hac vice to be requested*)
**THE KLEIN LAW FIRM**
12 2000 The Lyric Center
440 Louisiana
13 Houston, TX 77002
Telephone:  (713) 650-1111
14 Facsimile:   (713) 227-1121

15 Attorneys for Plaintiff
TRACY DeFATTA d/b/a
16 BOOKKEEPING UNLIMITED

CLAUDE M. STERN (CA 096737)
claudestern@quinnemanuel.com
EVETTE D. PENNYPACKER (CA 203515)
evettepennypacker@quinnemanuel.com
SAYURI K. SHARPER (CA 232331)
sayurisharper@quinnemanuel.com
**QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065-2139
Attorneys for Defendant
INTUIT INC.

17

18                    **UNITED STATES DISTRICT COURT**

19                    **NORTHERN DISTRICT OF CALIFORNIA**

20 TRACY DeFATTA d/b/a BOOKKEEPING           ) CASE NO. C07 04788 RS
   UNLIMITED, Individually and on behalf of  ) [Santa Clara Superior Court Case No. 107CV091687]
21 herself, and all others similarly situated, )
                                              )
22                    Plaintiff,              ) **JOINT CASE MANAGEMENT**
                                              ) **STATEMENT AND [PROPOSED] ORDER;**
23       v.                                   ) **RULE 26(f) REPORT**
                                              )
24 INTUIT INC., and DOES 1 through 100,       )
   inclusive,                                 )
25                                            )
                      Defendants.             )
26                                            )
                                              )
27                                            )
                                              )
28 _____  )

                                    1

1        Pursuant to Federal Rule of Civil Procedure 26(f), the parties met and conferred by

2  telephone on December 19, 2007.  Participants in the teleconference were Bryan C. Payne of

3  Engstrom, Lipscomb & Lack for Plaintiff and Evette D. Pennypacker of Quinn Emanuel Urquhart

4  Oliver & Hedges for Defendant.  Accordingly, pursuant to Civil Local Rule 16-9, Plaintiff Tracy

5  DeFatta d/b/a Bookkeeping Unlimited ("Plaintiff") and Defendant Intuit, Inc. ("Intuit") jointly

6  submit this Joint Case Management Statement and Proposed Order and Rule 26(f) Report and

7  request that the Court adopt their Proposed Case Management Order in this case.

8

9  1.    <u>JURISDICTION AND SERVICE</u>

10       The Court has jurisdiction over the subject matter of this action on the grounds of diversity

11 jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332.  Plaintiff

12 initially filed this action in the Superior Court of the State of California, County of Santa Clara.

13 Intuit removed the action to the United States District Court for the Northern District of California

14 pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.  On October 17, 2007, Plaintiff filed a Motion

15 to Remand the case to the Santa Clara Superior Court.  On December 3, 2007, Plaintiff withdrew

16 her Motion to Remand.  Currently, no issues exist regarding personal jurisdiction and venue, and

17 service on Intuit has been effected.

18

19 2.    <u>FACTS</u>

20       Because very little discovery has taken place, Plaintiff expects she will learn of additional

21 facts and legal theories to support her respective claims and defenses.  Thus, by providing the

22 following information, Plaintiff does not waive her right to present additional facts or legal theories

23 if subsequently discovered.

24

25      A.    Plaintiff's Description of the Case

26       This lawsuit arises from an alleged unlawful scheme employed by Intuit to defraud, mislead

27 and deceive Plaintiff and each putative Class member by selling to them computer software

28 upgrades that erased and/or deactivated software features previously purchased by them.  Plaintiff

2

1 | will seek certification of a class under Fed. R. Civ. P. 23.

2

3 |       B.     Plaintiff's Factual Statement

4 |       On or after October 1, 2006, Plaintiff and each putative Class member purchased and

5 | installed QuickBooks 2007 and/or downloaded and installed an automatic upgrade to QuickBooks

6 | 2006 (hereinafter the "QuickBooks 2007 Software Upgrades"). QuickBooks is a financial software

7 | program developed, distributed, marketed and sold by Intuit to the general public. Prior to

8 | installing the Quickbooks 2007 Software Upgrades, each member of the putative Class had

9 | purchased either the 2004, 2005 or 2006 versions of QuickBooks. These earlier versions were

10 | popular with consumers because they included basic do-it-yourself or manual entry payroll

11 | features that facilitated the manual entry of essential data. Unbeknownst to Plaintiff, however,

12 | once the QuickBooks 2007 Software Upgrades were installed they automatically locked out,

13 | blocked, deactivated or precluded from use the basic do-it-yourself or manual entry features

14 | previously available to QuickBooks consumers on versions 2004 through 2006 of the

15 | QuickBooks program (hereinafter the "Basic Payroll Lockout Scheme").

16 |       After implementing the Basic Payroll Lockout Scheme, Intuit revealed to Plaintiff that the

17 | only way to revive the do-it-yourself or manual entry payroll features previously possessed would

18 | be to subscribe to a fee-based payroll service. Astonishingly, Plaintiff and each putative Class

19 | member were being directed to pay recurring subscription fees to access the same payroll services

20 | for which they had already paid Intuit compensation when they purchased earlier versions of the

21 | QuickBooks program.

22 |       Additionally, Intuit specifically represented to Plaintiff that the QuickBooks 2007 Software

23 | Upgrades would in no way affect the license rights obtained when she purchased earlier versions of

24 | the QuickBooks program. By purchasing and installing the QuickBooks 2007 Software Upgrades,

25 | however, the license rights of Plaintiff and the putative Class members were affected. Specifically,

26 | previously paid for software features were erased or deactivated by the installation of the

27 | QuickBooks 2007 Software Upgrades.

28

3

1    C.    Intuit's Factual Statement

2        Plaintiff's allegations that Intuit engaged in wrongful conduct are not well founded.  Because

3    of continual tax law changes, the manual payroll "features" Plaintiff refers to in her complaint

4    comprise tax forms that are outdated by the time the CD-ROM containing the software is distributed

5    to customers.  Intuit warned customers that these forms were outdated and that a subscription to

6    Intuit's payroll subscription service was required in order to have the most up-to-date forms.

7    Accordingly, contrary to Plaintiff's allegations, Intuit does not force its existing customers to pay for

8    features they already paid for before software upgrades or updates.  QuickBooks customers had to

9    subscribe to Intuit's payroll subscription service to receive up-to-date tax forms even before the

10    installation of the 2006 update or the 2007 upgrade.

11        The installation of the 2006 update or the 2007 upgrade also does not, as Plaintiff alleges,

12    prevent Plaintiff from using the previously available manual payroll features.  QuickBooks

13    customers who wish to revert to using the outdated forms can uninstall a newly acquired version of

14    the software, reinstall the previous version, and return QuickBooks to the previous state.  In

15    addition, Intuit provided functionality that allows QuickBooks users to perform the alleged manual

16    payroll features without any added costs.  Thus, contrary to the allegations in her complaint,

17    Plaintiff suffered no loss.  Intuit also reserved the right to make changes to the QuickBooks

18    software in the Software License Agreement, and the QuickBooks software is sold with a 60-day

19    money back guarantee.

20

21    D.    Factual Issues in Dispute

22        ●    whether the QuickBooks 2007 Software Updates precluded Intuit customers from

23    using the basic do-it-yourself or manual entry payroll features that were available in versions of

24    QuickBooks purchased and installed prior to the fourth quarter of 2006;

25        ●    whether Intuit made representations to its customers that misled them to purchase the

26    QuickBooks 2007 Software Updates, which did not contain the basic do-it-yourself or manual entry

27    payroll features;

28        ●    whether by making changes in the QuickBooks 2007 Software Updates Intuit forced

4

Plaintiff and the purported Class members to subscribe to a fee-based payroll service;

- whether Plaintiff and the purported Class members recover the use of the basic do-it-yourself or manual entry payroll features after installing the QuickBooks 2007 Software Updates by reinstalling the previously purchased QuickBooks software; and

- whether Plaintiff and the purported Class members suffered any damages associated with the alleged removal of the basic do-it-yourself or manual entry payroll features.

3.    LEGAL ISSUES

The principle legal issues in dispute are:

- whether Intuit's willful interference with the basic do-it-yourself or manual entry payroll features of QuickBooks versions 2004, 2005 and 2006, which deprived Plaintiff and the putative Class members of the use and possession of said software features or components, constitutes conversion;

- whether Intuit's alleged acts, conduct, practices, statements and representations constitute unlawful, unfair and fraudulent business acts and practices that are likely to deceive consumers, within the meaning of California's *Business & Professions* Code §17200, *et seq*;

- whether Intuit has engaged in unlawful business acts and practices in violation of the Unfair Competition Law ("UCL") by violating California state laws, including but not limited to: (1) Fraudulent Deceit (California Civil Code §1709; (2) False Advertising Law *(Business & Professions* Code §17500, et seq., and specifically §17532.

- whether Intuit breached its contract with Plaintiff and the putative Class members by implementing the Basic Payroll Lockout Scheme, which erased, locked out, blocked, deactivated or precluded from use the basic do-it-yourself or manual entry payroll software features previously available to QuickBooks consumers;

- whether the Software License Agreement allows Intuit to remove any features, including the do-it-yourself or manual entry payroll features.

- whether Intuit had a duty to disclose to its customers of the changes made when it allegedly removed the do-it-yourself or manual entry payroll features from the 2004 through

5

1   2006 versions of QuickBooks;

2          ●      whether Plaintiff has standing to sue under *Business & Professions* Code §§ 17200

3   and 17500;

4          ●      whether Plaintiff has suffered any damages as a result of Intuit's alleged removal of

5   the do-it-yourself manual payroll features; and

6          ●      whether this case is maintainable as a class action under Fed. R. Civ. 23(a) and

7   23(b)(3).

8

9          Plaintiff reserves the right to identify additional violations of California and/or federal law

10  committed by Intuit as further investigation and discovery may warrant.  Intuit reserves the right to

11  identify additional legal issues for determination as further investigation and discovery may require.

12

13  4.      MOTIONS

14         On October 17, 2007, Plaintiff filed a Motion to Remand Case to State Court.  In response,

15  on November 21, 2007, Intuit filed its Opposition to Plaintiff's Motion to Remand Case to State

16  Court.  On December 3, 2007, Plaintiff filed a Notice of Withdrawal of Plaintiff's Motion to

17  Remand.

18         Pursuant to an agreement by the parties, Intuit intends to file a Motion to Dismiss on January

19  16, 2008 to be heard by the Court on February 20, 2008.  Intuit will be asking the Court to dismiss

20  all of the asserted claims and the requested class certification.

21         If Intuit's Motion to Dismiss does not dispose of the entire case, Intuit anticipates filing

22  early summary judgment motions.

23

24  5.      AMENDMENT OF PLEADINGS

25         Plaintiff believes that it is premature to determine whether there will be amendments of the

26  pleadings.

27

28

6

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**

1  6.    EVIDENCE PRESERVATION

2         The parties have taken steps to preserve evidence relevant to the legal issues reasonably

3  evident in this action.

4

5  7.    DISCLOSURES

6         The parties have not yet exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26 and

7  propose that such disclosures be served no later than 10 days after this Court issues its ruling on

8  Intuit's Motion to Dismiss.

9

10 8.    DISCOVERY

11        Intuit served an initial set of discovery requests on August 24, 2007, including Notice of

12 Deposition of Plaintiff Tracy DeFatta, Form interrogatories, Defendant Intuit, Inc's First Set of

13 Request for Admission to Plaintiff Tracy DeFatta, Defendant Intuit, Inc.'s First Set of Request for

14 Production to Plaintiff Tracy DeFatta, Defendant Intuit, Inc.'s First Set of Special Interrogatories to

15 Plaintiff Tracy DeFatta.  The parties have stipulated to an extension of time for Plaintiff to respond

16 to Intuit's initial set of discovery requests, and for Ms. DeFatta's deposition to take place.  Plaintiff

17 has agreed to provide written responses to Intuit's initial set of discovery requests no later than

18 January 10, 2008.

19        The parties have further agreed to stay any additional discovery, including Ms. DeFatta's

20 deposition, until 10 days after this Court issues an order on Intuit's Motion to Dismiss.

21        The anticipated scope of discovery shall be related to the factual and legal issues outlined

22 above.  The parties agree that there is no need to limit or modify the discovery rules in Federal Rule

23 of Civil Procedure 26.  The parties anticipate disclosure or discovery of electronically stored

24 information pursuant to Fed. R. Civ. P. 26(f)(3).  The parties also anticipate entering into a

25 stipulated protective order to protect confidential information produced in the course of discovery in

26 this case.

27

28

9.    CLASS ACTION

A.    Plaintiff's Position

Plaintiff hereby states the following, pursuant to Civil L.R. 16-9(b):

Plaintiff requests both injunctive relief and damages, so that class certification is proper under both Rule 23(b)(2) and Rule 23(b)(3).

Plaintiff will seek certification of a putative class defined in the Complaint as:

> All persons and entities in the United State (excluding Defendant, its affiliates and all governmental entities) who owned QuickBooks, financial software, Versions 2004 through 2006, on or before October1, 2006 and who purchased and installed QuickBooks 2007 Software or downloaded and installed an automatic upgrade to QuickBooks 2006 Software on or after October 1, 2006.

The facts stated below demonstrate that Plaintiff may maintain a class action under Fed. R. Civ. P. 23(a) and (b).

1.    Numerosity

Plaintiff maintains that on or before October 1, 2006 thousands of persons or entities throughout the United States owned versions 2004, 2005, and 2006 of QuickBooks financial software for small businesses and subsequently purchased and installed QuickBooks 2007 or downloaded and installed an automatic upgrade to QuickBooks 2006. Moreover, the putative Class members are readily identifiable and ascertainable through Intuit's corporate records. The putative Class members are so numerous and geographically dispersed as to render their joinder impracticable.

2.    Commonality

Plaintiff maintains that common questions of law and fact exist as to all members of the putative Class. These questions predominate over the questions affecting only individual Class members. These common legal and factual questions include whether:

a.    Intuit developed, distributed, marketed and/or sold the QuickBooks 2007 Software Upgrades with the Basic Payroll Lockout Scheme;

b.    Intuit's conduct and/or business practices violate California's Unfair Competition Law ("UCL"), *Business & Professions* Code §17200, *et seq.* and §17500, *et seq.*, by

8

1  disseminating false and/or misleading statements of fact about the QuickBooks 2007 Software

2  Upgrades, concealing material facts relating to their Basic Lockout Scheme, and unfairly,

3  unlawfully and fraudulently deceiving the public;

4        c.      Intuit's conduct and/or business practices constitute breach of contract,

5  unconscionable behavior and conversion; and

6        d.      Plaintiff and the putative Class members are entitled to relief, and the amount and

7  nature of such relief, including relief in the form of an injunction and/or restitution.

8

9        3.      Typicality

10       Plaintiff maintains that her claims are typical of the claims of the other putative Class

11 members.  Plaintiff and all members of the putative Class have been damaged by the same wrongful

12 conduct of Intuit.  Like the putative Class members, Plaintiff owned QuickBooks financial software

13 for small businesses, including QuickBooks 2006 Software, on or before October 1, 2006.  Plaintiff

14 then purchased and installed QuickBooks 2007 and downloaded and installed an automatic upgrade

15 to QuickBooks 2006 on or after October 1, 2006 both of which, unbeknownst to her, implemented

16 Intuit's Basic Payroll Lockout Scheme.

17

18       4.      Adequacy

19       Plaintiff, on behalf of herself and the putative Class members has retained competent and

20 sophisticated counsel experienced in complex class action litigation and who are dedicated to the

21 successful resolution of this action.  Plaintiff's interests do not conflict with the interests of the

22 members of the putative Class she seeks to represent.  Plaintiff intends to prosecute this action

23 vigorously and protect the interests of the putative Class members.  The interests of the putative

24 Class members will be fairly and adequately protected by Plaintiff and her counsel.

25

26       5.      Superiority

27       Plaintiff maintains that a class action is the superior method to adjudicate the common

28 issues in this case.  The putative Class members have no plain, speedy or adequate remedy other

9

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**

1   than by maintenance of a class action.  The damages sought by each putative Class member are

2   relatively small thereby making it economically impractical to pursue the remedies on an individual

3   basis.  Additionally, individualized litigation presents a potential for inconsistent or contradictory

4   judgements.  Individualized litigation may also increase the delay and expense to all parties and the

5   court system as a whole.  In contrast, the class action device presents far fewer management

6   difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive

7   supervision by a single Court.  Moreover, the cost of individualized litigation is likely to exceed

8   each putative Class member's individual recovery.

9           B.      Intuit's Position

10          Intuit intends to challenge Plaintiff's class certification in its Motion to Dismiss, and if that

11  motion does not dispose of the case, in opposition to Plaintiff's motion for class certification.

12

13  10.     RELATED CASES

14          Neither Plaintiff nor Intuit is aware of any related cases or proceedings pending before

15  another judge of this Court, or before another court or administrative body.

16

17  11.     RELIEF

18          Plaintiff, on behalf of herself and each putative Class member, seeks relief of compensatory

19  and consequential damages, disgorgement and/or restitution, injunctive relief, costs and expenses,

20  including attorneys' fees, and a grant of such other relief as the Court may deem just and proper.

21

22  12.     SETTLEMENT AND ADR

23          The parties have not engaged in any ADR efforts to date.  Plaintiff believes that any ADR

24  efforts at this time would be premature.  On December 19, 2007, each party filed an ADR

25  Certification by Parties and Counsel and a Stipulation and Proposed Order Selecting ADR Process

26  pursuant to Civil L.R. 16-8(b) and ADR Local Rule 3-5(b).  The Court has ordered the parties to

27  complete mediation by May 18, 2008.

28

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT

1

2   13.    <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>

3         The parties have consented to the assignment of this case to Magistrate Judge, the Honorable

4   Richard Seeborg, for all further proceedings, including trial.

5

6   14.    <u>OTHER REFERENCES</u>

7         The parties agree that this case is not suitable for reference to binding arbitration, a special

8   master, or the Judicial Panel on Multidistrict Litigation.

9

10  15.    <u>NARROWING OF ISSUES</u>

11        A.    Plaintiff's Position

12        Plaintiff will not be able to assess whether the issues in this case can be narrowed until

13  responsive pleadings have been served and discovery conducted.

14        B.    Intuit's Position

15        Intuit plans to file a Motion to Dismiss, which may narrow the issues in or entirely dispose

16  of the case.  Intuit also intends to oppose class certification in the event its Motion to Dismiss does

17  not dispose of the case and/or the class allegations.  At this time, Intuit is not aware of additional

18  avenues to narrow the issues in this case.  Intuit may identify additional avenues for narrowing

19  issues in the case in light of further investigation and/or discovery.

20

21  16.    <u>EXPEDITED SCHEDULE</u>

22        The parties do not believe that this action should be handled on an expedited basis.

23

24  17.    <u>SCHEDULING</u>

25        While the parties believe that it is premature to propose dates for designation of experts,

26  discovery cutoff, hearing of dispositive motions, pretrial conference and trial, they propose the

27  following tentative schedule:

28

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**

| Event | Deadline |
|---|---|
| Deadline to exchange initial disclosures; start of additional discovery | 10 days after the Court issues an order on Intuit's Motion to Dismiss |
| Deadline to amend pleadings | 30 days after the Court issues an order on Intuit's Motion to Dismiss |
| Close of fact discovery | September 19, 2008 |
| Deadline for class certification | October 31, 2008 |
| Exchange of opening expert reports | November 14, 2008 |
| Exchange of rebuttal expert reports | December 12, 2008 |
| Expert discovery opens | December 26, 2008 |
| Close of expert discovery | January 30, 2009 |
| Last date on which dispositive motions may be heard | April 17, 2009 |
| Pretrial Conference | May 15, 2009 (or at least two weeks before trial) |
| Trial | June 1, 2009 |

18.    TRIAL

The parties expect the trial to last for two weeks.   Accordingly, the case should be ready for trial by June 1, 2009.

19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Plaintiff has filed a Certification of Interested Entities or Persons.  Pursuant to Civil L.R. 3-16, counsel for Plaintiff certifies that as of this date, other than the named parties, there is no such interest to report.

Intuit has filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.  As of this date, there are no interested entities or parties to report.

Neither Plaintiff nor Intuit is aware of any person or entity that would have a financial interest in this litigation, or any other interest that would be substantially affected by the litigation's outcome.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT

20.    <u>OTHER MATTERS AFFECTING DISPOSITION OF THIS MATTER</u>

At this time, there are no other matters to address that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: January 2, 2008                ENGSTROM, LIPSCOMB & LACK
                                      THE SHER LAW FIRM P.L.L.C.
                                      THE KLEIN LAW FIRM


                                      By:___/s/ Bryan C. Payne_____
                                          WALTER J. LACK
                                          PAUL A. TRAINA
                                          BRYAN C. PAYNE
                                          ANDREW SHER
                                          ALEXANDER B. KLEIN, III
                                          Attorneys for Plaintiff


DATED: January 2, 2008                QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP


                                      By:___/s/ Evette D. Pennypacker_____
                                          EVETTE D. PENNYPACKER
                                          Attorneys for Defendant

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT

1    CASE MANAGEMENT ORDER

2         The Case Management Statement and Proposed Order submitted by the parties is hereby

3    adopted by the Court as the Case Management Order for the case and the parties are ordered to

4    comply with this Order.

5

6    DATE: _____          _____

7                                       Richard Seeborg
                                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**

1

### <u>Signature Attestation</u>

2      I hereby attest that Plaintiff's counsel, Bryan C. Payne, read and agreed to the above

3  **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f)**

4  **REPORT** and gave Quinn Emanuel permission to sign and file the joint statement on his behalf.

5

6  DATED: January 2, 2008                    QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP
7

8                                           By:   /s/  Evette D. Pennypacker
                                               EVETTE D. PENNYPACKER
9                                              Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**