QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Claude M. Stern (Bar No. 096737)
claudestern@quinnemanuel.com
Evette D. Pennypacker (Bar No. 203515)
evettepennypacker@quinnemanuel.com
Sayuri K. Sharper (Bar No. 232331)
sayurisharper@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
Intuit Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| TRACY DeFATTA d/b/a BOOKKEEPING UNLIMITED, Individually and on behalf of herself, all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 07-CV-04788-RS<br><br>**INTUIT INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

## INTUIT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Intuit Inc. ("Intuit"), by and through the undersigned counsel, answers the allegations in the separately numbered paragraphs of Plaintiff Tracy DeFatta's class action complaint ("Complaint") as follows:

### ANSWER

### General Allegations

1. Intuit is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiff and each Class member in this paragraph and accordingly denies them. Intuit denies the remaining allegations in this paragraph.

2. Intuit denies the allegations in this paragraph.

3. Intuit denies the allegations in this paragraph.

4. Intuit denies the allegations in this paragraph.

5. Intuit admits that it offers its customers QuickBooks Payroll subscription services at various prices. Intuit denies the remaining allegations in this paragraph.

### The Parties

6. Intuit is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and accordingly denies them.

7. Intuit denies that it is a California corporation. Intuit admits that its principal place of business is at 2632 Marine Way, Mountain View, CA 94043.

### Jurisdiction And Venue

8. Intuit admits that this United States District Court has subject matter jurisdiction over this Class Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Intuit denies the remaining allegations in this paragraph.

9. Intuit admits that this United States District Court has personal jurisdiction over Intuit. Intuit is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding Plaintiff and the members of the Class and accordingly denies them.

10. Intuit admits that venue is proper in this United States District Court.

**Substantive Allegations**

11. Intuit admits that it designs, develops or manufactures, distributes, advertises, markets and/or sells QuickBooks financial software for small business, including the 2007 updated thereto. Intuit denies the remaining allegations in this paragraph.

12. Intuit denies the allegations in this paragraph.

13. Intuit denies the allegations in this paragraph.

14. Intuit denies the allegations in this paragraph.

15. Intuit denies the allegations in this paragraph.

16. Intuit denies the allegations in this paragraph.

**Class Allegations**

17. Intuit admits that Plaintiff purports to bring this action on behalf of a class as defined in this paragraph. Intuit denies the remaining allegations in this paragraph.

18. Intuit denies that the Class as defined meets class certification requirement pursuant to Fed. R. Civ. P. 23, or California Code of Civil Procedure §382.

19. Intuit admits that thousands of persons or entities in the United States owned prior versions of QuickBooks, versions 2004 through 2006, on or before October 1, 2006. Intuit denies the remaining allegations in this paragraph.

20. Intuit denies the allegations in this paragraph.

21. Intuit denies the allegations in this paragraph.

22. Intuit is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and accordingly denies them.

23. Intuit denies the allegations in this paragraph.

24. Intuit denies the allegations in this paragraph.

**First Cause of Action**

29. Intuit reasserts its responses to Paragraphs 1-24 in response to this paragraph.[1]

30. Intuit denies the allegations in this paragraph.

---

[1] Plaintiff's Complaint omits paragraphs 25-28.

1    31.    Intuit denies the allegations in this paragraph.

2    32.    Intuit denies the allegations in this paragraph.

3    33.    Intuit denies the allegations in this paragraph.

4    34.    Intuit denies the allegations in this paragraph.

5    35.    Intuit denies the allegations in this paragraph.

6    36.    Intuit denies the allegations in this paragraph.

7    37.    Intuit denies the allegations in this paragraph.

8    38.    Intuit denies the allegations in this paragraph.

9    39.    Intuit denies the allegations in this paragraph.

### Second Cause of Action

40.    Intuit reasserts its responses to Paragraphs 1-24, 29-39 in response to this paragraph.

41.    Intuit admits that it has a contract with each user of QuickBooks software. Intuit is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiff in this paragraph and accordingly denies them. Intuit denies the remaining allegations in this paragraph.

42.    Intuit denies the allegations in this paragraph.

43.    Intuit denies the allegations in this paragraph.

44.    Intuit denies the allegations in this paragraph.

### Third Cause of Action

45.    Intuit reasserts its responses to Paragraphs 1-24, 29-44 in response to this paragraph.

46.    Intuit denies the allegations in this paragraph.

47.    Intuit denies the allegations in this paragraph.

### Fourth Cause of Action

48.    Intuit reasserts its responses to Paragraphs 1-24, 29-47 in response to this paragraph.

49.  Intuit admits that it engaged in advertising and marketing of the 2007 version of QuickBooks software on a nationwide basis, including in California. Intuit denies the remaining allegations in this paragraph.

50.  Intuit denies the allegations in this paragraph.

51.  Intuit denies the allegations in this paragraph.

52.  Intuit denies the allegations in this paragraph.

## Damages And Other Relief

53.  Intuit denies the allegations in this paragraph. Intuit denies that Plaintiff is entitled to the relief it seeks on behalf of herself or the Class, or any relief at all from Intuit.

54.  Intuit denies the allegations in this paragraph.

55.  Intuit denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

56.  Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

57.  Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained any cognizable injury.

58.  Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert California Business & Professions Code §§ 17200 and 17500 claims against Intuit.

59.  Plaintiff's claims are barred in whole or in part because Plaintiff did not rely on any representations or omissions of Intuit.

60.  Plaintiff's claims are barred in whole or in part because Intuit exercised reasonable care and did not know, or with exercise of reasonable care would not have known, of any alleged misrepresentations or omissions made to Plaintiff.

61.  With respect to each and every allegation of the Complaint related to the request for class certification, class certification is not appropriate based on:

    (a)  lack of commonality of questions of law;

    (b)  lack of commonality of questions of fact;

    (c)  lack of typicality;

      (d)    lack of an ascertainable class;

      (e)    lack of appropriateness of relief to the putative class as a whole;

      (f)    lack of predominance of questions of law or fact over questions affecting individual class members.

      (g)    lack of substantial benefit to the litigants and the court;

      (h)    lack of superiority of a class action to other available methods for fair and efficient adjudication.

62. Plaintiff's claims are barred in whole or in part as any action or conduct undertaken or performed by Intuit was not a proximate cause of any damages suffered by Plaintiff.

63. Plaintiff's claims are barred in whole or in part as any action or conduct undertaken or performed by Intuit was done in accordance and compliance with generally recognized and prevailing standards and regulations.

64. Plaintiff's claims are barred in whole or in part by his failure to mitigate damages, if any.

65. Plaintiff's claims are barred in whole or in part because the proximate cause of Plaintiff's injuries, if any, was the conduct of Plaintiff, not Intuit.

66. Plaintiff's claims are barred in whole or in part because actions taken with regard to Plaintiffs were motivated by legitimate business reasons.

67. Plaintiff is barred from any recovery due to her consent and approval of all the alleged acts and omissions about which she now complains.

68. Intuit alleges that, by reason of her own acts, Plaintiff is estopped from asserting the allegations contained in the Complaint.

69. Intuit alleges that, by reason of its her acts, Plaintiff has expressly and/or impliedly waived all claims arising out of the allegations contained in the Complaint.

70. Plaintiff is barred from any recovery because Intuit was privileged and justified in its alleged actions.

71.     Intuit alleges that any obligation as to which Plaintiff alleges full performance has not been rendered or excused, that obligation did not exist, or was void, was excused or was otherwise extinguished.

72.     Intuit alleges that Plaintiff has sustained no loss or damages as a result of Intuit's alleged conduct.

WHEREFORE, Intuit prays for judgment:

1.     That Plaintiff take nothing by reason of the Complaint;

2.     That Plaintiff's request for restitution and injunctive relief be denied;

3.     That Plaintiff's request for class certification be denied;

4.     That judgment be entered in favor of Intuit against Plaintiff;

5.     That the Complaint be dismissed with prejudice; and

6.     For such other relief as the Court deems just and proper.

DATED: January 23, 2008              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By   //s//
     Claude M. Stern
     Attorney for Intuit Inc.