1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Claude M. Stern (Bar No. 096737)
2    claudestern@quinnemanuel.com
    Evette D. Pennypacker (Bar No. 203515)
3    evettepennypacker@quinnemanuel.com
    Sayuri K. Sharper (Bar No. 232331)          *E-FILED 4/14/08*
4    sayurisharper@quinnemanuel.com
    555 Twin Dolphin Drive, Suite 560
5  Redwood Shores, California 94065-2139
    Telephone:  (650) 801-5000
6  Facsimile:  (650) 801-5100
    Attorneys for Defendant
7  Intuit Inc.

8

9                    UNITED STATES DISTRICT COURT

10

11                  NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14  TRACY DeFATTA d/b/a BOOKKEEPING          CASE NO.:  07-CV-04788-RS
    UNLIMITED, Individually and on behalf of
15  herself, all others similarly situated      [PROPOSED] STIPULATED
                                                PROTECTIVE ORDER
16                    Plaintiff,

17        v.

18  INTUIT INC., and DOES 1 through 100,
    inclusive,
19
                      Defendants.
20

21

22

23

24

25

26

27

28

51276/2452921.2

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

1    2.7    Protected Material:  any Disclosure or Discovery Material that is designated

2  as "Confidential."

3    2.8    Outside Counsel:  attorneys who are not employees of a Party but who are

4  retained to represent or advise a Party in this action.

5    2.9    House Counsel:  attorneys who are employees of a Party.

6    2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well

7  as their support staffs).

8    2.11    Expert:  a person with specialized knowledge or experience in a matter

9  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

10  witness or as a consultant in this action and who is not a past or a current employee of a Party or

11  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

12  employee of a Party or a competitor of a Party's. This definition includes a professional jury or

13  trial consultant retained in connection with this litigation.

14    2.12    Professional Vendors:  persons or entities that provide litigation support

15  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

16  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

17  subcontractors.

18    3.    SCOPE

19      The protections conferred by this Stipulation and Order cover not only Protected Material

20  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

21  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

22  parties or counsel to or in court or in other settings that might reveal Protected Material.

23    4.    DURATION

24      Even after the termination of this litigation, the confidentiality obligations imposed by this

25  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

26  order otherwise directs.

27

28

5.    DESIGNATING PROTECTED MATERIAL

  5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

  5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

  Designation in conformity with this Order requires:

    (a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated

-3-

1  which material it would like copied and produced. During the inspection and before the

2  designation, all of the material made available for inspection shall be deemed

3  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

4  produced, the Producing Party must determine which documents, or portions thereof, qualify for

5  protection under this Order, then, before producing the specified documents, the Producing Party

6  must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected

7  Material. If only a portion or portions of the material on a page qualifies for protection, the

8  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

9  markings in the margins).

10          (b)      for testimony given in deposition or in other pretrial or trial

11  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

12  record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

13  When it is impractical to identify separately each portion of testimony that is entitled to protection,

14  and when it appears that substantial portions of the testimony may qualify for protection, the Party

15  or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

16  deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

17  portions of the testimony as to which protection is sought.  Only those portions of the testimony

18  that are appropriately designated for protection within the 20 days shall be covered by the

19  provisions of this Stipulated Protective Order.  Transcript pages containing Protected Material

20  must be separately bound by the court reporter, who must affix to on each such page the legend

21  "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or

22  presenting the testimony.

23          (c)      for information produced in some form other than documentary, and

24  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

25  the container or containers in which the information or item is stored the legend

26  "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing

27  Party, to the extent practicable, shall identify the protected portions.

28

1    5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure

2    to designate qualified information or items as "Confidential" does not, standing alone, waive the

3    Designating Party's right to secure protection under this Order for such material. If material is

4    appropriately designated as "Confidential" after the material was initially produced, the Receiving

5    Party, on timely notification of the designation, must make reasonable efforts to assure that the

6    material is treated in accordance with the provisions of this Order.

7    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8    6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

9    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

10    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

11    waive its right to challenge a confidentiality designation by electing not to mount a challenge

12    promptly after the original designation is disclosed.

13    6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating

14    Party's confidentiality designation must do so in good faith and must begin the process by

15    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

16    with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

17    for its belief that the confidentiality designation was not proper and must give the Designating

18    Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

19    change in designation is offered, to explain the basis for the chosen designation. A challenging

20    Party may proceed to the next stage of the challenge process only if it has engaged in this meet

21    and confer process first.

22    6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

23    confidentiality designation after considering the justification offered by the Designating Party may

24    file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

25    applicable) that identifies the challenged material and sets forth in detail the basis for the

26    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

27    the movant has complied with the meet and confer requirements imposed in the preceding

28

51276/2452921.2

-5-

1  paragraph and that sets forth with specificity the justification for the confidentiality designation

2  that was given by the Designating Party in the meet and confer dialogue.

3        The burden of persuasion in any such challenge proceeding shall be on the

4  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

5  material in question the level of protection to which it is entitled under the Producing Party's

6  designation.

7    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

8        7.1    Basic Principles.  A Receiving Party may use Protected Material that is

9  disclosed or produced by another Party or by a non-party in connection with this case only for

10  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

11  disclosed only to the categories of persons and under the conditions described in this Order. When

12  the litigation has been terminated, a Receiving Party must comply with the provisions of

13  section 12, below (FINAL DISPOSITION).

14        Protected Material must be stored and maintained by a Receiving Party at a

15  location and in a secure manner that ensures that access is limited to the persons authorized under

16  this Order.

17        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

18  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

19  disclose any information or item designated CONFIDENTIAL only to:

20            (a)    the Receiving Party's Outside Counsel of record in this action, as

21  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

22  for this litigation;

23            (b)    the officers, directors, and employees (including House Counsel) of

24  the Receiving Party to whom disclosure is reasonably necessary for this litigation;

25            (c)    experts (as defined in this Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

27  Bound by Protective Order" (Exhibit A);

28            (d)    the Court and its personnel;

1       (e)     court reporters, their staffs, and professional vendors to whom

2  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

3  Bound by Protective Order" (Exhibit A);

4       (f)     during their depositions, witnesses in the action to whom disclosure

5  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

6  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

7  Protected Material must be separately bound by the court reporter and may not be disclosed to

8  anyone except as permitted under this Stipulated Protective Order.

9       (g)     the author of the document or the original source of the information.

10      8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

11  <u>OTHER LITIGATION</u>

12      If a Receiving Party is served with a subpoena or an order issued in other litigation that

13  would compel disclosure of any information or items designated in this action as

14  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by

15  fax, if possible) immediately and in no event more than three court days after receiving the

16  subpoena or order. Such notification must include a copy of the subpoena or court order.

17      The Receiving Party also must immediately inform in writing the Party who caused the

18  subpoena or order to issue in the other litigation that some or all the material covered by the

19  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

20  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

21  caused the subpoena or order to issue.

22      The purpose of imposing these duties is to alert the interested parties to the existence of

23  this Protective Order and to afford the Designating Party in this case an opportunity to try to

24  protect its confidentiality interests in the court from which the subpoena or order issued. The

25  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

26  confidential material - and nothing in these provisions should be construed as authorizing or

27  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

28

51276/2452921.2

-7-

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.    DISCLOSURE OF PRIVILEGED MATERIAL

11.1    Protection of Privileged Material.  Nothing in this Protective Order shall require disclosure of material that a Party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity or any other applicable privilege.  This shall not preclude any Party from moving the Court for an Order directing the disclosure of such material.

11.2    Inadvertent Production of Privileged Material.  Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  In the case of

-8-

1    an inadvertently produced document, the Producing Party shall then provide a privilege log

2    identifying such inadvertently produced document. The Receiving Party may move the Court for

3    an Order compelling production of any inadvertently produced document or information, but the

4    motion shall not assert as a ground for production the fact of the inadvertent production, nor shall

5    the motion disclose or otherwise use the content of the inadvertently produced document or

6    information (beyond any information appearing on the above-referenced privilege log) in any way

7    in connection with any such motion.

8        12.    <u>FINAL DISPOSITION</u> Unless otherwise ordered or agreed in writing by the

9    Producing Party, within thirty days after the final termination of this action, each Receiving Party

10   must return all Protected Material to the Producing Party. As used in this subdivision, "all

11   Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

12   reproducing or capturing any of the Protected Material. With permission in writing from the

13   Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

14   of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

15   submit a written certification to the Producing Party (and, if not the same person or entity, to the

16   Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the

17   Protected Material that was returned or destroyed and that affirms that the Receiving Party has not

18   retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing

19   any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

20   archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

21   attorney work product, even if such materials contain Protected Material. Any such archival copies

22   that contain or constitute Protected Material remain subject to this Protective Order as set forth in

23   Section 4 (DURATION), above.

24        13.    <u>MISCELLANEOUS</u>

25          13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

26   person to seek its modification by the Court in the future.

27          13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

28   Protective Order no Party waives any right it otherwise would have to object to disclosing or

1  producing any information or item on any ground not addressed in this Stipulated Protective

2  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

3  the material covered by this Protective Order.

4  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6  DATED: 4/11/2008          ENGSTROM, LIPSCOMB & LACK
                              THE SHER LAW FIRM P.L.L.C.
7                             THE KLEIN LAW FIRM

8
                              By
9

10                           Attorneys for Plaintiff Tracy DeFatta

11  DATED: 4/11/2008          QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP
12

13                           By  Evette D. Pennypacker / SKS

14                              Evette D. Pennypacker
                                Attorneys for Defendant Intuit Inc.
15

16  PURSUANT TO STIPULATION, IT OS SO ORDERED.

17

18

19  DATE:        April 14, 2008

20                              Richard Seeborg
                                United States Magistrate Judge
21

22

23

24

25

26

27

28

51276/2452921.2                          -10-

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

2

**EXHIBIT A**

3

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

4

     I, _____, hereby acknowledge that I received a copy of the Protective

5

Order entered in the action entitled *Tracy DeFatta v. Intuit Inc. et al.*, Case No. 07-CV-04788-RS,

6

pending in the United States District Court for the Northern District of California, have read same

7

and agree to (1) be bound by all of the provisions thereof, and (2) submit to the jurisdiction of the

8

United States District Court for the Northern District of California for all matters relating to this

9

action.

10

11

Date: _____          _____

12

                            [Name of individual to whom disclosures will be made]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER